18063

Albert Beecher MILLER, Appellant, v. The STUYVESANT INSUR-
ANCE COMPANY OF NEW YORK, Respondent, and Juanita
Greene, Appellant.

(130 S. E. (2d) 913)

*Messrs. Hayes, Hayes & Brunson* and *John M. Scho-field,* of Rock Hill, *for Appellant, Albert Beecher Miller,*

*Edward M. Jackson, Esq.,* of Rock Hill, *for Appellant, Juanita Greene,*

*Messrs. Vernon E. Sumwalt and Roddey, Sumwalt & Carpenter,* of Rock Hill, *for Respondent,*

April 29, 1963.

TAYLOR, Chief Justice.

Appellant, Albert Beeecher Miller, commenced this declaratory judgment action against the Respondent, The Stuyvesant Insurance Company, to determine the rights and obligations of the parties under a certain contract of liability insurance. Appellant, Juanita Greene, was made a party defendant as she is an interested third party, having filed suit against Miller for damages resulting from an automobile accident. This action was specifically brought to determine whether the Respondent should be required to defend the action brought against Miller. The Honorable George T. Gregory, Jr., found that the Respondent is not obligated under the contract of insurance to defend the action pending between Greene and Miller and that Respondent is not responsible to Greene for any judgment she may obtain as a result of said suit. Timely notice was given of intention to appeal to this Court. The main question to be decided is whether Miller was covered under a liability insurance policy with Respondent while operating a 1955 Chevrolet.

The matter was heard before Judge Gregory on an agreed stipulation of facts between Miller and Respondent. Counsel for Appellant Greene was not asked to consent nor did he consent to these stipulations. Although all parties were represented by counsel, no request was made for a jury trial.

The facts as stipulated are that on May 16, 1960, the effective date of the "owner's" policy, the insured Miller and his spouse owned a 1950 Ford described in the policy. In connection with the issuance of the policy, Respondent filed with the South Carolina Highway Department, an SR-22 Form covering the 1950 Ford. Unknown to Respondent, the title to this automobile had been transferred from Miller to his wife on November 3, 1959. In respect to the insurance

coverage provided, the policy defined the term "insured" as the named insured and his spouse if a resident of the same household. Miller's wife at all times retained the 1950 automobile and resided in the same household. On June 15, 1960, Miller purchased a 1955 Chevrolet, said automobile being driven by Miller on April 1, 1961, when involved in an accident with Appellant Greene.

Neither Miller nor his spouse notified Respondent insurance company within thirty days following the delivery date of the 1955 Chevrolet automobile acquired by Miller on June 15, 1960, or notified Respondent Insurance Company of the acquisition of said 1955 Chevrolet automobile prior to April 1, 1961.

Miller, in his complaint, contends that the 1955 Chevrolet is a "substituted" vehicle and as such is covered by the insurance policy. Respondent takes the position that said Chevrolet is a "newly acquired automobile" and is not covered.

Subsection (4) of Insuring Agreement IV, (a) reads as follows:

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy. The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

The terms of above provision being unambiguous must be construed as being used in their plain, ordinary and popular sense. *Bolen v. Capital Life & Health Ins. Co.*, 208 S. C. 345, 38 S. E. (2d) 79; *Barkley v. International Mutual Ins. Co., Inc.*, 227 S. C. 38, 86 S. E. (2d) 603; *Gordon v. Fidelity & Casualty Co. of N. Y.*, 238 S. C. 438, 120 S. E. (2d) 509.

In order for Miller to have been covered under the Omnibus clause set forth in the policy, he must have been operating the automobile described in the policy or a newly acquired automobile as defined in Insuring Agreement IV(a) (4). Since Miller was not operating the 1950 Ford described in the policy, we must determine whether the 1955 Chevrolet is covered within the meaning of the above-quoted section of the Insuring Agreement.

There are two methods whereby a newly acquired automobile is covered under the provisions of the policy: First, if it replaces an automobile owned by either the insured or his spouse, or second, if the Company insures all automobiles owned by insured and his spouse, notice is given to the Company and any additional premium required is paid.

The only question before the lower Court was whether the 1955 Chevrolet replaced or was substituted for the 1950 Ford. If the Chevrolet replaced the Ford under the terms of Respondent's policy as contended by Appellant Miller said Chevrolet would be covered. In support of this position, it was pointed out by Appellants that a liability policy was obtained from the Nationwide Ins. Co. in Mrs. Miller's name covering the 1950 Ford from September 21, 1960, through March 21, 1961, when said policy lapsed. Respondent contends that Judge Gregory found that the Nationwide Policy was additional insurance to that provided by Respondent on the 1950 Ford.

It is undisputed that the 1950 Ford remained in the possession and ownership of Miller or his spouse, who was a resident of the same household, during the

entire policy period. Therefore, the 1955 Chevrolet did not replace an automobile owned and covered by this policy. As pointed out by Judge Gregory in his Order, there is no question but that Appellant Miller would have been covered by the subject policy at the time of the accident on April 1, 1961, if he had been driving the 1950 Ford as said Ford was specifically named in the policy, was owned by an insured as defined by said policy, was not insured on April 1, 1961, under another policy, and the policy with Respondent was in force on said date.

Appellants in their briefs attempt to show coverage of the Chevrolet by a compliance with the second method mentioned above. This contention is rejected by the Court. Although at the time the 1955 Chevrolet was acquired the Respondent insured all automobiles belonging to Miller and his spouse, no notice was given within thirty days as required nor was Respondent ever notified of such acquisition prior to the accident. Further, no additional premium was paid or offered to Respondent to cover the Chevrolet.

"It is well established that where the 'automatic insurance' clause requires notice of the acquisition of a new automobile to be given the insurer within a specified time after delivery, the period generally being either ten or thirty days, a failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile." 34 A. L. R. (2d) 943: See also citations under this annotation and 1962 Supplement Service, A. L. R. (2d), Vol. 3, page 787.

Counsel for Appellant Greene during argument before Judge Gregory attempted to introduce a photostatic copy of South Carolina State Highway Department Form 402, which Miller filed when he obtained license for the 1955 Chevrolet, showing Respondent insurer. Upon objection of Respondent's counsel this evidence was rejected by the Court. No exception was taken to this ruling by Appellants. This matter was presented to the Court by consent of

counsel for all parties and apparently no request was made by any of the parties to introduce evidence other than the stipulation of facts entered into by Miller and Respondent. An attempt to introduce evidence during the course of argument by counsel is not timely or proper and was properly excluded by the trial Judge.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.