**Mary P. HALL, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Ferris E. HALL, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Civ. A. Nos. Gr. 65–18, Gr. 65–19.

United States District Court
D. South Carolina,
Spartanburg Division.

Oct. 26, 1966.

Christ Christ and James R. Turner, Spartanburg, S. C., for plaintiffs.

Thomas B. Butler, Spartanburg, S. C., for defendant.

## JUDGMENT

MARTIN, Chief Judge.

These matters are before the Court upon motions of all parties for Summary Judgment or, in the alternative event that there should be found a justiciable issue of fact, for directed verdicts. The two cases arise out of the same automobile accident, involve identical questions of law, and therefore have been consolidated for trial under Rule 42(a), Federal Rules of Civil Procedure. There is no "genuine issue as to any material fact", Rule 56(c), and Summary Judgment will be awarded upon conclusions of applicable law. For purpose of discussion the matters will be treated as one action.

The facts are undisputed and are found to be as follows: On November 19, 1964, Robert C. Fleming owned a 1960 Chevrolet automobile of which the Defendant, State Farm Automobile Insurance Company, was the liability insurance carrier. Fleming's policy was an ordinary $10,-000–$20,000 policy but it also provided that if the insured acquired ownership of an additional automobile, he must apply for additional insurance on such new automobile within 30 days of the date of acquisition and pay premiums.[1] On November 19, 1964, Fleming newly acquired ownership of a 1957 Ford. Some 23 days after, on December 12, 1964, Fleming was driving the 1957 Ford when he collided with another vehicle driven by Plaintiff,

Ferris Hall and in which Plaintiff, Mary Hall was a passenger. The Halls and Fleming suffered serious bodily injuries and were hospitalized.

Fleming never applied to State Farm for additional liability coverage on the 1957 Ford and never paid an additional premium therefor. However, on December 21, 1964, he notified State Farm's agent of the accident. Subsequently, the Defendant denied coverage as to the Ford. After the Halls commenced an action within the diversity jurisdiction of this Court against Fleming for damages, State Farm again denied coverage and refused to defend the action or in any manner participate therein.

The personal injury actions were tried before this Court with a jury on October 20, 1964, and resulted in a verdict that the Halls sustained injury as a result of Fleming's negligence and award of damages to Ferris Hall of Ten Thousand Seven Hundred Fifty and 00/100 ($10,-750.00) Dollars, Seven Hundred Fifty and 00/100 ($750.00) Dollars of which was property damage, and to Mary Hall of Ten Thousand and 00/100 ($10,-000.00) Dollars. Demand was made of State Farm to satisfy the judgments against Fleming but State Farm refused. An execution then levied against Fleming personally was returned nulla bona. The Plaintiffs then commenced these actions against State Farm to recover the amounts of their judgments against Fleming.

The only issue in this matter is purely one of law: Was Fleming's newly acquired 1957 Ford automatically covered under his then existing policy for 30 days from November 19, 1964, or to effect coverage, was it necessary for him to apply for additional insurance within the 30-day period? Upon consideration of applicable law, the Court concludes that Fleming's new automobile was

[1]. "The named insured within 30 days following such delivery date applies to the company for insurance on such newly acquired automobile. If more than one policy issued by the company could be applied to such automobile the named insured shall elect which policy shall apply. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile * * *."

covered under his already existing policy on the day of the accident.

The Defendant cites the case of Miller v. Stuyvesant Ins. Co. of N. Y., 242 S.C. 322, 130 S.E.2d 913 (1963) and thereby works its own undoing. In *Miller*, the Court dealt with an automobile liability policy's automatic coverage provision which would be operative if, among other things not here pertinent, the insured notified the company of the acquisition within 30 days of delivery of the new automobile and paid additional premium. The insured acquired a new automobile, did not notify the company within 30 days, and paid no additional premium. Ten months after the date of acquisition, the insured was involved in a collision while driving the newly acquired automobile. The Court held that there was no coverage under the facts and, adopting the language of an annotation in 34 A.L.R.2d 936–951, laid down the following rule of law:

> It is well established that where the "automatic insurance" clause requires notice of the acquisition of a new automobile to be given the insurer within a specified time after delivery, the period generally being either ten or thirty days, a failure to give notice prior to *an accident occurring after the expiration of the designated period* precludes coverage of the new automobile. 34 A.L.R.2d 943: See also citations under this annotation and 1962 Supplement Service, A.L.R.2d, Vol. 3, page 787.—242 S.C. at page 327 130 S.E.2d at page 916 (emphasis added).

The *Miller* accident occurred more than 30 days after acquisition. The accident here, however, occurred within the 30-day period. For accidents within the designated period, the general rule is that coverage of the newly acquired car automatically arises on acquisition and continues throughout the period. Inland Mut. Ins. Co. v. Stallings, 263 F.2d 852 (4 Cir. 1959) (Sobeloff, C. J.), aff'g 162 F.Supp. 713 (D.C.Md.). Since coverage is automatic throughout the designated period, it is immaterial that the insured (1) does not notify the company within the period that he has acquired an additional automobile and (2) never pays an additional premium. Western Cas. & Sur. Co. v. Lund, 234 F.2d 916 (10 Cir. 1956); Hoffman v. Ill. Nat. Cas. Co., 159 F.2d 564 (7 Cir. 1947). If the additional coverage provision was not automatic, it would have no purpose:

> Unless this provision was inserted in the policy for the purpose of deception, and this should not be assumed, it meant something was intended to confer some benefit on the insured. It may reasonably be interpreted as intended to furnish an additional protection on a temporary basis; to be in effect, in appellant's language, "until a reasonable opportunity was had to notify the company." This reasonable opportunity was fixed as 30 days. If appellant's (company's) intention was otherwise, this provision should have been eliminated from the policy and such other intention more clearly expressed. Birch v. Harbor Ins. Co., 126 Cal.App.2d 714, 272 P.2d 784 (1954).

That this result is consistent with the South Carolina cases is demonstrated by the reasoning of the Supreme Court in Pickens v. State Farm Mut. Auto. Ins. Co., 246 S.C. 380, 144 S.E.2d 68 (1965). Involving an accident after actual expiration of the policy, but during a 10-day grace period, the Court held the insurer liable for death benefits resulting from the accident. The case is noteworthy for its discussion of the respective rights and benefits of insured and insurer which a grace period is intended to confer.

State Farm contends that the above-cited cases are distinguishable from this matter because its policy required the insured to *apply* for additional insurance coverage within the 30-day period whereas the policies in the cited cases required the insured to *notify* the companies. The purported distinction has no merit. Whether it is required to *notify* or to *apply* within the period

is totally immaterial. In either event, it is an affirmative duty which the insured must carry out to obtain additional coverage after the period has expired. But during the period he, by virtue of the policy, automatically has additional coverage. Failure to notify or apply, together with failure to pay additional premium is a condition only of having coverage after the period has expired, not before. Even if it be contended that the term "applies to the company for insurance on such newly acquired automobile," which this policy contains, is an ambiguity when viewed in terms of the "notice" requirements of other policies, it is well settled in this state that any ambiguity is construed in favor of coverage and against the insurance company because it prepared the policy. Baxley v. State Farm Mut. Auto. Liability Ins. Co., 241 S.C. 332, 128 S.E.2d 165 (1962); McElmurray v. American Fid. Fire Ins. Co., 236 S.C. 195, 113 S.E.2d 528 (1960); Jersey Ins. Co. of N. Y. v. Heffron, 144 F.Supp. 5 (D.C. S.C.1957), aff'd. 242 F.2d 136 (4 Cir. 1957).

However, having found the asserted distinction to be illusory, the rule of *Miller* and of *Inland Mut.*, supra, here apply.

Accordingly, the Court concludes that, as a matter of Law:

(1) On December 17, 1964, Fleming's newly acquired 1957 Ford was covered by his then existing policy with the Defendant, State Farm; this day was within the 30-day period fixed in the policy.

(2) State Farm is liable as insurer under its liability policy with Fleming to pay to Plaintiffs as damages the amounts of the judgments secured by Plaintiffs against Fleming.

(3) State Farm is also liable for the costs of these two actions and the two actions against Fleming.

It is therefore ordered, adjudged, and decreed that:

1. the Plaintiff Mary P. Hall have and recover of and from the Defendant State Farm Mutual Automobile Insurance Company the sum of TEN THOUSAND ($10,-000.00) DOLLARS;

2. the Plaintiff Ferris E. Hall have and recover of and from the Defendant State Farm Mutual Automobile Insurance Company the sum of TEN THOUSAND, SEVEN HUNDRED and FIFTY ($10,750.00) DOLLARS;

3. the Plaintiff Ferris E. Hall and the Plaintiff Mary P. Hall have and recover of and from the Defendant, State Farm Mutual Automobile Insurance Company, their costs in their action against Robert C. Fleming aforesaid, together with interest on said judgments of Ten Thousand ($10,000.00) Dollars and Ten Thousand, Seven Hundred Fifty ($10,750.00) Dollars respectively and on said costs from 20 October 1965, and

4. the Plaintiff Mary P. Hall and Ferris E. Hall have and recover of and from the Defendant State Farm Mutual Automobile Insurance Company their costs in this action with interest from the date of this judgment.