Jones, J.
 

 Two questions of fact are presented upon this record, both of which by the general verdict of the jury were determined in favor of the in: sured: (1) Was there a compliance upon the part of the insured with the condition of the policy requiring books and accounts to be kept by the assured, so that the company could determine the amount of the loss? (2) Did the assured furnish proof of loss within the time stipulated in the policy? Upon the first issue there was ample evidence sustaining the claim of the assured that such a book of account, containing an inventory of the stolen jewelry, was kept by the assured. Upon that issue the Court of Appeals felt itself disinclined to disturb the verdict.
 

 The chief issue presented is whether the proof of loss was furnished within the time specified. The provisions in the policy relating thereto read as follows: “3. In the event of claim for loss under this policy affirmative proof of loss under oath * * * must be furnished to the company at its offices in Chicago within sixty days after discovery
 
 *220
 
 of loss. * * * 7. Any loss of which proof of loss as required herein has been furnished to the company shall be payable within thirty days after the receipt of such proof.”
 

 The judgment of the trial court was reversed by the Court of Appeals, as shown by its journal entry, because “plaintiff below failed to furnish notice of the loss therein sustained * * * within sixty (60) days from the date of said loss.” If time is to be computed from the date of the loss, as claimed by the Court of Appeals, instead of sixty days “after discovery of loss,” the judgment of the Court of Appeals should be affirmed. The condition of the policy provides that the proof must be at the company’s offices in Chicago within sixty days after discovery of the loss; and the policy condition also provides that the loss “shall be payable within thirty days after receipt of such proof.” That the loss occurred on April 3d is undisputed; but the testimony discloses that because of the theft of the inventory book, and because of the shock and nervousness on the part of the assured, occasioned by the robbery, the assured was unable on the afternoon of April 3, 1929, or for some time thereafter to ascertain the extent of the loss, proof of which, including the amount and value of the jewelry stolen, had to be sent to the insurer. Under such circumstances an insured should be given reasonable time and opportunity to discover the extent of the loss so that the insurer could be advised not only of the robbery, but of the amount of the loss occasioned thereby. This is manifest, since the policy provision stipulated that the loss was payable within thirty days after receipt of proof. The period of sixty
 
 *221
 
 days- from the date of the loss expired on Sunday, June 2d; proof was deposited in the Canton post office the next day and was received by the company on June 4th, sixty-two days after the date of the loss.
 

 It is the opinion of this court that, under the circumstances detailed in this record, the discovery of the extent of the loss and the furnishing of proof of loss to and its reception by the casualty company on June 4th was a compliance with the provisions of the policy.
 

 For the reasons stated the judgment of the Court of Appeals is reversed, and that of the common pleas court is affirmed.
 

 Judgment of Court of Appeals reversed and that of the common pleas court affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.