Strafford,
No. 5626.

DRISCOLL REALTY, INC.

*v.*

DOVER SHOPPING PLAZA, INC. *& a.*

Argued June 7, 1967.
Decided October 31, 1967.

*Burns, Bryant, Hinchey & Nadeau* ( *Mr. Joseph P. Nadeau* orally ), for the plaintiff.

*Upton, Sanders & Upton* ( *Mr. Frederic K. Upton* orally ), for K. & R. Corp. and Kent-McCray of Dover, Inc.

DUNCAN, J. The agreement of October 6, 1959, provided for the sale and transfer of certain real estate in Dover by the plaintiff and others to Tompkins for the purpose of erecting a shopping center. It contained in paragraph 9 a provision that "if construction of the shopping center is not commenced and if buildings have not been erected on land deeded by Driscoll to said Tompkins within two ( 2 ) years of the date of this agreement, the said Driscoll may at his option declare this agreement null and void and said Tompkins will reconvey said Driscoll land to said Driscoll."

Contemporaneously, by deed of even date, certain land was conveyed to Tompkins by a deed which contained like provisions, including a provision that "if construction of the shopping center is not commenced and if buildings have not been erected on land described herein . . . within two years . . . then the grantor may at its discretion declare this conveyance null and void . . . ."

The grantors agreed by the same agreement that they would not maintain "any Variety Store or Junior Department Store" on land retained, while Tompkins agreed that "no other grocery, meat or produce store shall be maintained or allowed in said shopping center."

The defendant Dover Shopping Plaza, Inc. succeeded to Tompkins' title to the land in question subject to the terms of the deed to Tompkins and his agreement with the plaintiff of October 6, 1959. The parties agree that no buildings were erected on the land conveyed by Driscoll within two years after October 6, 1959. Dover Shopping Plaza, Inc. erected a building at some time which it leased to the defendant K. & R. Corp. in May 1962.

In turn Kent-McCray of Dover, Inc. became lessee or sublessee of this building.

Thereafter in April 1964 these proceedings were brought, claiming violation by the defendants of the restrictive provisions of the agreement that no "grocery, meat or produce store shall be maintained." The defendant Plaza defaulted. The other defendants answered, alleging that the premises in question were not a part of the shopping center, and not subject to the restrictive provisions of the agreement of October 6, 1959.

The petition was assigned for hearing in the Superior Court in September 1966. On September 15 counsel for the plaintiff wrote to counsel for the defendants concerning the prospects of settlement, in a letter which also stated that unless a settlement should be reached, "Driscoll Realty will elect to exercise the option of declaring the agreement contained in the above deeds null and void and request Plaza . . . to reconvey the premises in question to Driscoll Realty."

Counsel for the plaintiff on September 16, 1966 mailed to the Clerk the motion to amend its petition by inserting new paragraphs setting forth the provisions of the agreement with respect to the option to declare the agreement void, and alleging that no buildings had been constructed within the two-year period. The prayer of the motion was that the plaintiff's original prayer for relief contained in its petition be amended and supplemented by adding new paragraphs (g) through (i), paragraph (h) of which would seek a decree "That Driscoll has the right to exercise and does exercise his option to declare the agreement of October 6, 1959 null and void by reason of default and failure on the part of said Tompkins and his successors in title to live up to and perform the terms, conditions and provisions thereof."

It is this paragraph of the motion upon which the defendants rely as a declaration of an election of substantive rights which they assert the Trial Court erroneously refused to find and rule to be binding and conclusive.

The defendants seek to compel the annulment of a contract which they claim has no application to them, and the plaintiff contends that it is itself estopped to annul the contract, because it first brought a petition to enforce it.

It may be that an effective declaration by the plaintiff that it annulled the agreement would be, as the defendants contend, the

exercise of a substantive rather than a procedural right. Restatement, Contracts, *s.* 381, *comment* d; 25 Am. Jur. 2d 651. Election of Remedies, *s.* 7. We express no opinion on this point however, because the issue presented is whether the Trial Court erred in denying the request for a finding and ruling that the plaintiff's option to terminate the agreement was irrevocably exercised, by the filing of its motion to amend. In the light of the petition and answers, we think that the action of the Trial Court was proper.

Although the defendants allege in their answers that their building is not in the shopping center, and is not subject to the agreement of October 9, 1959, the plaintiff claims otherwise, and seeks to enforce the restrictive provisions of the agreement against them. Under the circumstances, the defendants are not so disinterested as to be precluded from raising the issues presented.

If the Trial Court should ultimately find or rule, upon hearing the merits, that the building in which the defendants have an interest is subject to the restrictive provision of the 1959 agreement, the plaintiff would be entitled to maintain its petition. On the other hand, if the Court determined that the premises were not subject to the agreement, because not built upon land subject thereto it would be open to the plaintiff to claim the right to nullify the agreement and to require retransfer of the land by the defaulted defendant Dover Shopping Plaza, Inc.

It could reasonably be found that the plaintiff sought by the amendment to lay a foundation for inconsistent and alternative relief, depending upon the decision of the merits. A finding that merely by seeking to amend its prayer for relief the plaintiff made a conclusive and irrevocable election to abandon its original claim was not compelled by the record. Its motion was withdrawn for whatever reason before it was acted upon; and the amendment sought was never made.

There was no occasion to compel the plaintiff to choose one remedy or the other in advance of a determination of whether the defendants' premises were subject to the agreement of October 1959. *Ricker* v. *Mathews,* 94 N. H. 313. "An unsuccessful attempt to claim a right, or pursue a remedy, to which a party is not entitled, will not deprive him of that to which he is entitled." *Sabourin* v. *Woish,* 117 Vt. 94, 98. See 25 Am. Jur. 2d 664, Election of Remedies, *s.* 22.

The plaintiff can be entitled to only one remedy, but the choice need not, and in this case could not effectively be made in advance. Its right to terminate the agreement depends upon establishment of a breach of the condition for the construction of a shopping center and the absence of any bar to the exercise of that right. Until the right has been established, any declaration of a purpose to exercise it could be only tentative at best. Taking, as it did, the form of a motion to amend the petition, the proposal never became a part of the petition. The denial of defendants' request for a finding and ruling that the motion to amend was an irrevocable exercise of plaintiff's option is sustainable upon the record, and it is sustained.

*Exception overruled.*

All concurred.