Frederick B. Bryant, J.'
The Travelers Indemnity Company in this action seeks a declaratory judgment determining (1) that it is not the insurer of a 1954 Chevrolet automobile owned *559 by the defendant, Gaitings, and therefore is under no obligation to defend him in a pending action arising out of an accident which occurred on March 5, 1966; and (2) that at the time of such accident the said automobile was being used by a person other than the owner without the consent of the latter and that the plaintiff therefore has no obligation to defend either the insured or the operator in the action referred to.
By this motion for summary judgment the plaintiff seeks a determination on the first issue raised in its complaint — that is, whether the plaintiff was the insurer of the 1954 Chevrolet automobile referred to therein on March 5, 1966.
The facts insofar as they bear on this particular issue are as follows: Prior to January 25,1966, the defendant, Gaitings, was the owner of a 1964 Ford which was insured by the plaintiff against liability. That policy contained the following clause:
‘ ‘ ‘ insured automobile ’ means:
“ (a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded;
“ (b) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period, provided
“ (1) it replaces an insured automobile as defined in (a), or
“ (2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make the liability and Family Protection Coverages under this and no other policy issued by the company applicable to such automobile” (emphasis supplied).
This clause may be referred to as the “ automatic insurance ” provision of the policy. The expiration date of the policy in question was June 11, 1966.
On January 25, 1966, the defendant, Gaitings, purchased a 1954 Chevrolet. This car was involved in an accident on March 5, 1966 while being operated by the codefendant, Mary Tracy. Shortly after the accident and still within the policy period Gaitings notified the plaintiff of the accident through its local agent. Several actions have been commenced against Gaitings and Mary Tracy as a result of that accident and Gaitings has demanded that the plaintiff provide him with a defense and indemnification in accordance with the terms of his policy.
Plaintiff argues that the defendant did not notify it of his intention to bring the 1954 Chevrolet within the coverage of the policy which covered his 1964 Ford until after the expiration *560 of the 30 days specified in the policy definition above set forth. Although the point was not raised by any of the parties opposing the motion for summary judgment, the court is concerned with the question of whether the insured did not have the duration of the policy period — that is, until June 11, 1966 — within which to make his election of coverage.
It is a fundamental principle of contract interpretation that, in resolving ambiguities in an insurance contract, the court must construe the policy most favorably to the insured. This was apparently the basis of the court’s decision in St. Paul Mercury Ins. Co. v. Pennsylvania Lumbermen’s Mut. Ins. Co. (378 F. 2d 312).
The facts in that case are almost identical to the facts here. There the insured acquired a second car and did not notify the company of his election to have such car covered by the policy previously taken out to insure his first car until after the expiration of the 30-day period and after the occurrence of an accident which resulted in suit against him. The court held that the clause in his liability policy — similar in language to the automatic insurance clause quoted above — constituted automatic coverage of the second car until the expiration of the policy period or until such time as the assured made a positive and knowledgeable election to either obtain different coverage or to reject the automatic coverage.
In Sheffield v. Aetna Cas. & Sur. Co. (57 Misc 2d 559) the policy provided for coverage of additional automobiles acquired by the insured if the company was notified of the acquisition during the policy period. A few days after acquisition and before notification to the company, an accident occurred. The court, noting that the policy period had not expired, held that the insured was covered on such additional car.
Matthews v. Glens Falls Ins. Co. (21 Misc 2d 1079) construed a policy provision which purported to insure a substitute automobile provided the company was notified of the substitution during the policy period. The court found coverage in that case for such substituted automobile 'even though notification was not received until after the expiration date of the policy.
On the basis of these cases it is the court’s holding that the 1954 Chevrolet purchased by the defendant, Gaitings, on January 25, 1966, was covered by the policy issued by the plaintiff for the 1964 Ford at the time of the accident in March, 1966, and that Gaitings was an insured within that policy. It is not pertinent to the issue here Tyhether Gaitings had decided to insure such ear or not or whether he or anyone else had notified *561 the plaintiff or its agents of any intention to insure. He had until June 11, 1966 to make that election. The motion for summary judgment made by the plaintiff must, therefore, be denied.
CPLB 3212 provides that if, on a motion for summary judgment it shall appear that any party other than the moving party is entitled to a summary judgment the court may grant •such judgment without the necessity of a cross motion. For the reason set forth above the court finds that the defendants are entitled to summary judgment dismissing the complaint in this action for declaratory judgment insofar as it seeks a determination that the defendant, Graitings, and the defendant, Mary Tracy, were not within the coverage of the policy.
The remaining portion of plaintiff’s complaint seeks a determination by way of declaratory judgment to the effect that the plaintiff is under no obligation to defend Graitings or Tracy because at the time of the accident the Chevrolet was being operated by the defendant Tracy without the consent of the defendant G-aitings. If this were the true state of the facts, the defendant Gaitings would not be liable for the negligence of the operator of his car. However, this issue is an issue of fact to be determined by a jury and is not the proper subject of an action for declaratory judgment. (Leotta v. Plessinger, 8 N Y 2d 449.) The defendants are, therefore, entitled to judgment dismissing the complaint with reference to this prayer for relief without prejudice to the right of the plaintiff to raise the issue of consent on behalf of its assured at the trial of the actions arising out of the accident of March 5, 1966.