McCarty et al., Appellants, v. Grange Mutual Casualty Co., Appellee.

[Cite as McCarty v. Grange Mutl. Cas. Co. (1971), 27 Ohio App. 2d 181.]

(No. 71-12—Decided May 25, 1971.)

*Messrs. Fisher & Thomas,* for appellants.
*Messrs. Baldwin & Menapace,* for appellee.

Whiteside, J. This is an appeal upon questions of law from a judgment of the Franklin County Municipal Court, for the defendant, appellee herein.

Plaintiffs, appellants herein, purchased a 1961 Oldsmobile and acquired title thereto on July 11, 1968. At 7:05 p. m., August 10, 1968, that automobile, while driven by plaintiff Elmer McCarty. was involved in a motor vehicle accident in Gallia County, Ohio, in which he was injured and the automobile damaged. Plaintiffs contend that the 1961 Oldsmobile was, at that time, afforded insurance coverage as a newly acquired automobile under a policy of insurance issued by defendant to Harriet McCarty for a 1968 Chevrolet—apparently the only other automobile owned by plaintiffs. They further contend that notice of the acquisition of the 1961 Oldsmobile was given to defendant prior to the time of the accident. Defendant contends that the automobile was not covered by the policy in question because the McCartys did not notify it of the acquisition of such automobile within thirty days thereafter—the date of such notification being August 15, 1968—and that

the accident occurred more than thirty days after such acquisition. Plaintiff's claim is for medical pay coverage and collision coverage under the terms of the policy with the amount of damages and medical expenses having been stipulated by the parties.

Plaintiffs have made two assignments of error which are as follows:

"Assignment of error No. 1

"The Municipal Court of Franklin County, Ohio erred in its finding that plaintiffs failed to preponderate on the question of notice to defendant of acquisition of the 1961 Oldsmobile automobile.

"Assignment of error No. 2

"The Franklin County Municipal Court erred on its apparent decision that notice of acquisition of the 1961 Oldsmobile automobile was required under the insurance policy when the collision occurred within the thirty day provision of the policy."

Plaintiff Harriet McCarty testified that she notified defendant of the acquisition of the 1961 Oldsmobile within one or two days after purchasing it by telephoning the Putnam Insurance Agency and talking to one of the two men in the office. A claims representative for defendant testified that he took a statement from Harriet McCarty on October 9, 1968, at which time she stated that she did not notify the Putnam Insurance Agency of the acquisition of the 1961 Oldsmobile until August 12, 1968, and that she signed a statement to that effect. A carbon copy of such a statement, handwritten by the claims representative but not bearing the signature of Mrs. McCarty, was introduced into evidence as defendant's exhibit 4.

The claims representative testified that he did not know what happened to the original of the statement, but that it was signed by Mrs. McCarty. He explained the absence of the signature on the copy by stating that the carbon did not go through to the bottom part of the statement, but there were indentations where she had signed the original. One of the two men with the Putnam Insurance Agency testified that the records of that agency did

not indicate any notification from plaintiffs of acquisition of the 1961 Oldsmobile until August 15, 1968, and that he had no knowledge of any prior notification. However, he also testified that such notification could have been given without his knowledge, and that the "change of car" was not given to him. An examination of the exhibits indicates that all matters concerned with the 1961 Oldsmobile were handled by a Mr. Putnam of Putnam Insurance Agency but for some reason, unexplained in the record, he was not called by either party. An underwriting manager for defendant testified that notice to the Putnam Agency would constitute notice to appellee.

A trial court filed what is labeled a "Statement of Facts and Law and Opinion" which we assume was intended to be separate findings of law and fact. In paragraph 4 of the findings of fact, the trial court stated: "Plaintiff testifies she notified Putnam of purchase of 1961 Oldsmobile and was told by a person at Putnam to obtain a policy from them within 30 days." In paragraph 9 of the statement of facts, the trial court stated: "Defendant has refused such payment, saying that plaintiff Harriet McCarty did not notify defendant of acquisition and collision of 1961 Oldsmobile until August 15, 1968 * * *." These are the only references to notice of acquisition in the statement of facts. Under "Law," the trial court stated the following: "The Court finds plaintiffs fail to preponderate on the question of notice to defendant of acquisition of 1961 Oldsmobile."

While the trial court, as trier of the facts, could either believe or disbelieve the testimony of Harriet McCarty that she notified appellee's agent Putnam Insurance Agency of the acquisition of the 1961 Oldsmobile within a day or two after such acquisition, the issue of whether such notice was given within thirty days after acquisition of the new automobile is, in this case, one of fact, not of law. It appears that the trial court considered this issue to be one of law and made no factual findings upon the issue. This was error, the trial court having a duty to make a factual determination as to whether plaintiffs noti-

fied defendant of acquisition of the 1961 Oldsmobile within thirty days after such acquisition. Accordingly, the first assignment of error is well taken.

The policy of insurance in question affords collision and medical payment coverage for all "owned automobiles." "Owned automobile" is defined in the policy as:

"(a) A private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded * * *.

"* * *

"(c) A private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided (1) it replaces an owned automobile as defined in (a) above, or (2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within thirty days after the date of such acquisition * * *."

There was testimony on behalf of defendant to the effect that coverage for a newly acquired automobile expired after thirty days unless a new policy of insurance was issued for such newly acquired automobile. However, we have not found, and defendant has not pointed out, a provision of the policy which so provides. There is a provision in condition (2) for an adjustment of the premium in the event coverage is provided for an owned automobile not described in the policy; however, that condition apparently applies only to replacement automobiles and not to newly acquired automobiles. In the case of *Carpenter* v. *Gasper* (1962), 116 Ohio App. 45, the following appears at page 49, with regard to a provision for coverage for a newly acquired automobile:

"* * * The generally accepted theory of the nature and purpose of automatic insurance is that it becomes effective immediately upon delivery of the newly acquired automobile and continues in effect for the specified time (thirty days here), at the end of which it expires unless the required notice is given and the insured has acquired ownership; that the notice is therefore a condition subsequent to coverage; that such automatic insurance is provid-

ed for the purposes of enabling the insured to have continuous coverage, to encourage him to continue with the same insurer, and to insure all his automobiles with it; and that the premium paid for the original insurance is the consideration for the automatic insurance until the end of the specified period. * * *''

The first paragraph of the syllabus of that case states that where an insurance policy is subject to a different construction, a court will adopt that construction which is favorable to the insured.

We construe the terms of the policy in question to provide that if a person insures all of his automobiles with a company, automatic insurance coverage will be afforded to a newly acquired automobile for a thirty-day period after the date of acquisition of ownership, which coverage will terminate upon the expiration of such thirty-day period, unless the insured notifies the company of such acquisition within such thirty-day period.

It is, accordingly, crucial to the issues in this case to ascertain the expiration date of such thirty-day period, since the ownershp was acquired on July 11, 1968, and the accident occurred on August 10, 1968.

Appellants rely upon R. C. 1.14, which reads in pertinent part as follows:

''The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not Sunday or a legal holiday.''

Defendant contends that R. C. 1.14 applies only to acts required to be done by law, and not those provided by contract. R. C. 1.15 provides as follows:

''When an act is to take effect or become operative from and after a day named, no part of that day shall be included. If priority of legal rights depends upon the order of events on the same day, such priority shall be determined by the times in the day at which they respectively occurred.''

Even in the absence of an applicable statutory provi-

sion, time is usually computed by excluding the first day and including the last day. See 52 Ohio Jurisprudence 2d 202, Time, Section 15. In *State* v. *Elson* (1908), 77 Ohio St 489, it is stated at page 495-496:

"It must, we think, be conceded, in obedience to the clear weight of authority, that in the absence of language compelling the application of a different rule, the established general rule governing the computation of time, whether at common law or under the statute, is that the first day of the period named is to be excluded, and the last named day is to be included, and that this rule applies alike to all provisions for the computation of time whether in civil or criminal cases. * * *''

In *Heuck* v. *State* (1933), 127 Ohio St. 247, it is stated at page 253 as follows:

"This is in accordance with the statement appearing in 26 Ruling Case Law, at page 746, which we consider applicable:

"And where it is provided that a certain result shall not accrue until after the expiration of a given number of days from a stated date, then both the first and last days must be excluded, so that the full number of days will be given.''

See, also, *Neiswander et al.* v. *Brickner et al.* (1927), 116 Ohio St. 249, and *Wolinsky* v. *National Casualty Co.* (1931), 124 Ohio St. 216. In the *Wolinsky* case, the period within which a notice of loss under an insurance policy should be filed, was computed by excluding the first day and including the last day of the specified period, although there is no discussion of the rule.

Applying the above authority to the instant case, we conclude that the last day of the thirty-day automatic insurance coverage for the 1961 Oldsmobile was August 10, 1968. Defendant argues that the time should be computed from the actual time of day that title was acquired, which could have been no later than 4:30 p. m., July 11, 1968, the time of the closing of the clerk's office. Such argument does not improve defendant's position, for if the time were so computed, the automatic insurance coverage would have

expired at 4:30 p. m., August 11, 1968, if we exclude the first day and include the last day in computing the time.

For the foregoing reasons, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and HOLMES, J., concur.