Argued March 15, reversed July 5, 1974

BAKER, *Appellant, v.* UNIGARD INSURANCE
COMPANY, *Respondent.*

523 P2d 1257

*David W. Dardano,* Portland, argued the cause for appellant. With him on the briefs were William E. Hanson, and Dardano, Mowry & Hanson, Portland.

*Ronald G. Stephenson,* Portland, argued the cause for respondent. With him on the brief were Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

BRYSON, J.

This is an action on an automobile liability policy issued by defendant to one Tom Campbell. Plaintiff Baker was injured in an accident due to the negligence of Terry Serface, an employee of Campbell, who was driving Campbell's 1954 Chevrolet. Serface claimed Campbell's insurance policy extended coverage to him while driving Campbell's vehicle. The defendant denied coverage for the operation of the Chevrolet. Plaintiff recovered judgment against Serface. Plaintiff brought this action after Serface assigned his rights under the policy to plaintiff. The trial court, sitting without a jury, found there was no coverage under the policy and entered judgment for the defendant. The plaintiff appeals.

The evidence establishes the following facts. On July 11, 1969, defendant Unigard issued an automobile liability policy to Tom Campbell, operator of Tom and Jake's service station, covering all of the vehicles owned by Campbell, which consisted of two Fords and one Pontiac. The policy was renewed on January 11, 1970, for a period of six months. Shortly after January 11, 1970, the renewal date, Campbell acquired the 1954 Chevrolet with the intention of repairing and selling it. On May 26, 1970, while driving the Chevrolet with Campbell's permission, Serface was involved in the accident with plaintiff Baker. Campbell also personally used the 1954 Chevrolet.

On the day following the accident, Campbell informed his insurance agent that he owned the Chevrolet, that it had been in the May 26 accident, and that he did not want coverage for the Chevrolet under his policy. Unigard had no previous knowledge that Campbell owned the Chevrolet. Mr. Campbell testified:

"Q. Now, when you bought that car, Mr. Campbell, did you notify Unigard that you bought the car?

"A. No.

"* * * * *.

"Q. So the only notice to Mr. Fleming [defendant's insurance agent] or anybody connected with Unigard as to your acquiring this car [1954 Chevrolet] was after the accident occurred?

"A. I believe that's right, yes."

Serface notified Unigard of the Baker claim but Unigard refused to defend or pay any part of the resulting liability.

The relevant provisions of the insurance policy provided:

"PERSONS INSURED—The following are Insureds under the Automobile Liability Section:

"(a) With respect to the owned automobile,

(1) the named Insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named Insured, providing his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

"* * * * *.

"DEFINITIONS—Under the Automobile Liability Section:

"* * * * *.

" 'Insured' means a person or organization described under 'Persons Insured';

"* * * * *.

" 'owned automobile' means

"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.

"* * * * *.

"(c) a private passenger, farm or utility automobile ownership of which is acquired by the named Insured during the policy period, provided

"* * * * *.

"(2) the Company insures all private passenger, farm and utility automobiles owned by the named Insured on the date of such acquisition and the named Insured notifies the Company *during the policy period or within 30 days after the date of such acquisi-*

*tion, whichever is greater,* of his election to make this and no other policy issued by the Company applicable to such automobile, or

"* * * * *." (Emphasis supplied.)

The defendant insured all private passenger, farm, and utility automobiles owned by the named insured, Tom Campbell, on the date the policy was renewed. Defendant does not dispute this fact.

The plaintiff contends that "[t]he trial court erred in concluding that the 1954 Chevrolet owned by Campbell and operated by Serface was not an 'insured automobile' within defendant, Unigard's, policy." Plaintiff argues that "the language of defendant's policy constitutes an 'automatic insurance for newly acquired automobiles clause' as that terminology is used in the judicial interpretation of automobile liability insurance policies. There is no apparent legal distrinction [sic] between policies which contain a specific heading 'Automatic Coverage,' etc., and those that do not."

The defendant contends that "[t]he policy in question does not use the term 'automatic insurance' and, to the contrary, on its face requires action by the named insured to obtain coverage. The action specified in the pertinent policy provision is notice, * * *" and that "* * * this is a case where the insured, Campbell, had three cars and acquired a junker to fix up and resell at a profit. Therefore, without policy language specifying 'automatic insurance', there is no justification for the law in effect creating insurance coverage where none was intended." Both parties assert that the question presented by this appeal is one of first impression for this court.

■ The first question posed is whether the 1954 Chevrolet was an "owned automobile" under the policy provision (c)(2) above quoted. If it was, the policy afforded liability coverage to Serface "to the same degree and with the same effect as though such a person's name had been specifically stated in the policy as an insured, or as though the insured had been operating the car at the time of the accident. That is, upon the happening of an accident the protection of the insurance vests in one using the car with the permission of the insured as completely as if he had been a named insured." 12 G. Couch, Cyclopedia of Insurance Law § 45:293 at 306-07 (2d ed 1964).

The "owned automobile" provision in the policy here involved is a liberalized version of a common automobile liability policy provision which extends automatic coverage to vehicles acquired by the insured during the policy term. From a review of cases in other jurisdictions involving similar clauses, it is apparent that such policy provisions frequently require the insured to notify the company within a short period, typically 10 or 30 days, in order to continue the coverage of the newly acquired vehicle. See cases cited in Annot., 34 ALR2d 936 (1954). However, the general rule now universally followed is that the coverage for the newly acquired vehicle is automatic from the date of acquisition and is not dependent on notice to the company.[1]

---

[1] Johnson v. Richard, 445 F2d 1025 (10th Cir 1971); Inland Mutual Insurance Company v. Stallings, 263 F2d 852 (4th Cir 1959); Hall v. State Farm Mutual Automobile Ins. Co., 268 F Supp 995 (D So Car 1966); Brown v. Security Fire and Indemnity Co., 244 F Supp 299 (WD Va 1965); Glacier Gen. Assur. Co. v. St. Farm Ins. Co., 150 Mont. 452, 436 P2d 533 (1968); Sheffield v. Aetna Casualty & Surety Co., 57 Misc 2d 559, 293 NYS2d 213

Defendant attempts to distinguish the policy at issue in the present case because this policy requires the named insured to notify the company not merely of his acquisition of the vehicle but of his election to have this policy coverage apply to the newly acquired vehicle. Several cases have construed policy provisions virtually identical to that found in the policy in this case, and the courts which have addressed the question have not deviated from the general rule that the policy coverage is automatic during the notice period allowed by the policy.[2]

■ A similar purported distinction was expressly rejected as illusory in *Hall v. State Farm Mutual Automobile Ins. Co.*, 268 F Supp 995, 997-98 (D So Car 1966):

"State Farm contends that the above-cited cases are distinguishable from this matter because its policy required the insured to *apply* for additional insurance coverage within the 30-day period whereas the policies in the cited cases required the insured to *notify* the companies. The purported distinction has no merit. Whether it is required to *notify* or to *apply* within the period is totally immaterial. In either event, it is an affirmative duty which the insured must carry out to obtain additional coverage after the period has expired. But during the period he, by virtue of the policy, auto-

(1968); McCarty v. Grange Mutl. Cas. Co., 27 Ohio App 2d 181, 273 NE2d 345 (1971); Pride v. State Farm Fire & Casualty Insurance Co., 434 SW2d 146 (Tex Civ App 1968) (recognizing rule); Annot., 34 ALR2d 936, 944 (1954); 1 R. Long, Liability Insurance § 4.08 (1973); Birch v. Harbor Insurance Co., 126 Cal App 2d 714, 272 P2d 784 (1954).

[2] St. Paul Mercury Ins. Co. v. Pennsylvania Lumbermen's M.I.C., 378 F2d 312 (4th Cir 1967); Travelers Indemnity Company v. Gaitings, 61 Misc 2d 558, 306 NYS2d 224 (1969); Knotts v. Hardware Mutual Casualty Co., 272 So 2d 788 (La App 1973); Pendleton v. Ricca, 232 So 2d 803 (La App 1970).

matically has additional coverage. Failure to notify or apply, together with failure to pay additional premium is a condition only of having coverage after the period has expired, not before. Even if it be contended that the term 'applies to the company for insurance on such newly acquired automobile,' which this policy contains, is an ambiguity when viewed in terms of the 'notice' requirements of other policies, it is well settled in this state that any ambiguity is construed in favor of coverage and against the insurance company because it prepared the policy. * * *" (Original emphasis.)

We agree with the court in *Hall* that if coverage is automatic under this provision, coverage may not subsequently be defeated by the named insured's failure to affirmatively request the coverage.

Neither do we find persuasive defendant's argument that the coverage of this policy is not automatic because the policy provision was not captioned "Automatic Insurance." It is the substance of the policy clause rather than its caption or lack thereof which controls. Courts construe such clauses to extend insurance automatically because under any other interpretation the clause would be superfluous. *See Birch v. Harbor Insurance Co.,* 126 Cal App 2d 714, 272 P2d 784 (1954). In *St. Paul Mercury Ins. Co. v. Pennsylvania Lumbermen's M.I.C.,* 378 F2d 312, 315 (4th Cir 1967), the policy contained almost identical language. The court held:

"* * * Since no election had occurred at the time of the accident, it is axiomatic that the automatic coverage of the Chevrolet continued. To decide otherwise would denude the policy's clause of meaning. [Citing cases.]"

In the following cases the lack of an express label of "automatic insurance" in the policy did not

prevent the court from finding the existence of automatic insurance: *Inland Mutual Insurance Company v. Stallings*, 263 F2d 852 (4th Cir 1959); *Cal State Auto. Assn. Inter-Ins. Bureau v. Dearing*, 259 Cal App 2d 717, 66 Cal Rptr 852 (1968); *Glacier Gen. Assur. Co. v. St. Farm Ins. Co.*, 150 Mont 452, 436 P2d 533 (1968); *Carpenter v. Gasper*, 116 Ohio App 45, 186 NE2d 481 (1962).

Defendant relies on dictum in *Brown v. Security Fire and Indemnity Co.*, 244 F Supp 299 (WD Va 1965) for the proposition that the named insured's notice of election is a condition precedent to coverage. The *Brown* opinion recognized an apparent distinction between policy clauses which allow the named insured a short period of time, such as 10 or 30 days, in which to notify the insurer of the acquisition of a new automobile and policy clauses which allow the insured to give such notice at any time during the policy period. The court stated that with the former type of provision, notice constituted a condition subsequent to coverage; with the latter type of provision, notice constituted a condition precedent to coverage.

■ The distinction suggested in *Brown*, if valid, does not apply in this case. The policy in the case at bar combines the two types of clauses discussed in *Brown* and permits the named insured to give notice of election to the company during the policy period "or" within 30 days after the date of acquiring the new vehicle, whichever is greater. Thus, automatic coverage is available for a far greater period of time than would be the case under more restrictive 10-day or 30-day notice provisions. If the coverage is broader than defendant intended, it is defendant's responsibility to rephrase the policy. *See Imperial Casualty &*

*Indemnity v. Relder,* 308 F2d 761 (8th Cir 1962), and *Nat'l Union Fire Ins. Co. v. Falciani,* 87 NJ Super 157, 208 A2d 422 (1965). If this clause of the policy creates an ambiguity or leaves a reasonable doubt as to when notice is to be given to the insurer we construe the policy and resolve any doubt in favor of the insured. *Chalmers v. Oregon Auto Ins. Co.,* 262 Or 504, 509, 500 P2d 258 (1972); *Hardware Mut. Cas. v. Farmers Ins.,* 256 Or 599, 609, 474 P2d 316 (1970).

Lastly, defendant contends that automatic coverage should not be extended where the named insured does not intend such coverage to attach. Defendant relies on Campbell's statement to his insurance agent after the accident that he did not want the 1954 Chevrolet covered under his policy.

Defendant concedes that Campbell did nothing prior to the accident to extinguish automatic coverage for the 1954 Chevrolet. The record suggests that Campbell was unaware that his existing policy covered the Chevrolet without any notice to the company. *Cf. St. Paul Mercury Ins. Co. v. Pennsylvania Lumbermen's M.I.C., supra* at 314-15. Despite the lack of a manifest intention by Campbell to extend his policy to the Chevrolet, we must construe the policy as it is written, particularly since the rights of a third party, Serface, who had become an insured ("Person Insured —any other person using such automobile with permission") under the policy had intervened prior to Campbell's "election" not to have coverage.

"* * * [W]e have found that it is the terms of the policy which determine the coverage, not the contrary intention of the insured * * *." *Glacier Gen. Assur. Co. v. St. Farm Ins. Co.,* 150 Mont 452, 457, 436 P2d 533, 536 (1968).

*See also Carey v. State Farm Mutual Insurance Company,* 367 F2d 938 (4th Cir 1966).

■■ When the accident occurred Serface obtained rights under Campbell's policy because he was a permissive user of an owned automobile. Serface was independently entitled to automatic coverage, just as though he were the named insured. 12 G. Couch, Cyclopedia of Insurance Law § 45:293 at 306-07 (2d ed 1964). Except to the extent that Serface was required to be driving the vehicle with Campbell's permission, Serface's right to coverage was not derivative of Campbell's rights under the policy. Although Campbell could affect his own right to coverage after the fact, he could not alter the insurer's independent liability to an additional insured, Serface. *See Wenig v. Glens Falls Indemnity Co.,* 294 NY 195, 61 NE2d 442 (1945). The coverage provided in the policy for Campbell's permittee, Serface, became absolute on the occurrence of the accident.

For these reasons the judgment of the trial court is reversed.