REPUBLIC MUTUAL INSURANCE COMPANY, a corporation, Appellant,

v.

STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, a corporation, et al., Appellees.

No. 72–2383.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1975.

Decided Nov. 6, 1975.

Charles E. Hurt, Charleston, W.Va., for appellant.

Robert J. Louderback, Charleston, W. Va., for appellees.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

FIELD, Circuit Judge:

Republic Mutual Insurance Company instituted this action seeking a declaratory judgment that State Farm Mutual Automobile Insurance Company is primarily liable for the amount of money paid in settlement of the wrongful death

claim of the estate of Verna Lilly against Mona E. Fleshman. The liability, if any, of State Farm arises under an automobile liability policy issued to Fleshman. The policy which was issued in January of 1971 covered a 1971 Ford Maverick automobile, the only motor vehicle then owned by Fleshman. On June 22, 1971, Fleshman purchased a 1962 Plymouth, but State Farm was not notified of the purchase and did not learn of it until October 18, 1971. On July 9, 1971, the 1962 Plymouth was involved in an accident in which Verna Lilly was killed.

The sole question presented on this appeal is whether the 1962 Plymouth qualified for coverage under the State Farm policy by virtue of the "Newly Acquired Automobile" clause. The policy extended coverage to a newly acquired automobile under the following provision:

"Newly Acquired Automobile—means an automobile, ownership of which is acquired by the named insured or his spouse, * * *, if

(1) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and

(2) provided that no insurance shall be applicable to such newly acquired automobile unless as a condition precedent the named insured within 30 days following such delivery date applies to the company for insurance on such newly acquired automobile but such application is not necessary if the newly acquired automobile replaces an automobile owned by the named insured or such spouse and covered by this policy."

It is conceded that the Plymouth was not a replacement vehicle and State Farm contends that the failure of the insured to apply for insurance on the Plymouth within the thirty day period excluded the vehicle from coverage. Were it not for the language that such an application was a condition precedent to coverage, this case would present little difficulty since it has been held almost without exception that coverage under such provisions is automatically effected for the stated period irrespective of notice to the insurer. *Inland Mutual Insurance Company v. Stallings*, 263 F.2d 852 (4 Cir. 1959); *Hoffman v. Illinois Nat. Casualty Co.*, 159 F.2d 564 (7 Cir. 1947); *Hall v. State Farm Mutual Automobile Ins. Co.*, 268 F.Supp. 995 (D.C.S.C.1966), aff'd per curiam 378 F.2d 371 (4 Cir. 1967). *See* Annot., 34 A.L.R.2d 936. State Farm argues, however, that this relatively new policy language requiring an application for insurance rather than mere notice and designating it as a condition precedent is sufficient to place this case outside the ambit of the above cited authorities.

With no specific guidance in decisions of the highest court of West Virginia, the district judge concluded that an application for insurance was a condition precedent to coverage during the thirty day period and held that the failure of Fleshman to so apply precluded coverage for the 1962 Plymouth. Judgment was entered in favor of State Farm and Republic has appealed.

■ We find ourselves unable to agree with this conclusion of the district court. In *Hall v. State Farm Mutual Automobile Ins. Co., supra*, the insurer contended that since its policy required the insured to apply for additional coverage within the stated period rather than merely notifying the company, the line of cases represented by *Stallings* was distinguishable. Rejecting this contention the court stated:

"The purported distinction has no merit. Whether it is required to *notify* or to *apply* within the period is totally immaterial. In either event, it is an affirmative duty which the insured must carry out to obtain additional coverage after the period has expired. But during the period he, by virtue of the policy, automatically has additional coverage. Failure to notify or apply, together with failure to pay additional premium is a condition only of having coverage after the period has expired,

not before. Even if it be contended that the term 'applies to the company for insurance on such newly acquired automobile,' which this policy contains, is an ambiguity when viewed in terms of the 'notice' requirements of other policies, it is well settled in this state that any ambiguity is construed in favor of coverage and against the insurance company because it prepared the policy." 263 F.2d 852, 997, 998.

While the policy in the *Hall* case did not contain the "condition precedent" phraseology, we do not think this additional language requires or justifies a different conclusion in the present case. It appears to us that this language may reasonably be read to mean that the application is a condition precedent to obtaining additional coverage subsequent to the thirty day period, but that coverage during such period remains automatically effective.

We are further of the opinion that the reasoning of *Hall* would be applied in such a case by the Supreme Court of Appeals of West Virginia. That Court "has adopted and maintained as a cardinal rule of construction that clauses in insurance contracts should be construed liberally to the insured." *Thompson v. State Automobile Mut. Ins. Co.,* 122 W.Va. 551, 11 S.E.2d 849, 850 (1940). In *Thompson,* the Court, in considering the "replacement vehicle clause" of an insurance policy, stated that "because this provision inures to insured's benefit, all the more reason that, under the liberal construction rule, every reasonable effort, * * *, should be invoked to secure that benefit to the insured." *Id.* at 851.

▮ Since we conclude that coverage under the policy was automatically extended to the 1962 Plymouth automobile during the thirty day period, the judgment of the district court must be reversed and the case remanded for further proceedings. The record indicates that in addition to its denial of coverage, State Farm raised the defense that the insured failed to give it timely notice of the fatal accident. *See Ragland v. Na-*

*tionwide Mutual Ins. Co.,* 146 W.Va. 402, 120 S.E.2d 482 (1961). It appears that in view of its action on the coverage issue the district court did not find it necessary to address itself to this alternative defense. Upon remand, therefore, the district court should consider and dispose of this remaining issue.

*Reversed* and *remanded.*