Merrimack
No. 7388

## State Farm Mutual Automobile Insurance Company

v.

## Kenneth L. Carpenter, Sr., & a.

December 30, 1976

*Devine, Millimet, Stahl & Branch* and *Michael G. Gfroerer (Mr. Gfroerer* orally) for the plaintiff.

*Paul A. Rinden* and *Jay Niederman (Mr. Niederman* orally) for the defendants, Mr. and Mrs. Carpenter.

Kenison, C.J. State Farm Mutual Automobile Insurance Company filed a petition for a judgment declaratory of its obligations with respect to an accident involving its insured Mrs. Carpenter. RSA 491:22. State Farm joined as party defendants in this case Mr. Carpenter, Genest Ford, Genest Ford's insurer, and the driver and owner of the other vehicle involved in the accident. *Leahy,* J., Judicial Referee, held a hearing and filed a report in which he found and ruled that neither State Farm nor Genest Ford's insurer had any liability with respect to the accident. The Carpenters moved to set aside this report. The motion was referred to a Master *(William E. Lovejoy,* Esq.), who recommended that

the report of the judicial referee be approved. *Keller,* C.J., accepted and approved this recommendation. *Loughlin,* J., reserved and transferred the exceptions of Mr. and Mrs. Carpenter.

Mr. Carpenter works for Genest Ford. On December 31, 1970, the Carpenters bought and took possession of a Buick Riviera from Genest Ford. On January 12, 1971, Mrs. Carpenter was in an accident while driving the Buick, which then bore license plates issued to Genest Ford. *See* RSA 260:46 and :49. The Carpenters filed a claim with Genest Ford's insurer, but the insurer denied coverage, and the Carpenters filed a claim with State Farm on February 8, 1971.

Before and at the time of the purchase of the Buick, the Carpenters owned a Ford station wagon which was covered by a State Farm policy. This policy included a "Newly Acquired Automobile" provision which provided coverage for any automobile "ownership of which is acquired by the named insured . . . if (1) the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (2) the named insured within thirty (30) days following such delivery date, applies to the company for insurance on such newly acquired automobile." Under this provision "coverage becomes effective as of the date of delivery and continues for thirty days thereafter, irrespective of notice required by the policy." 1 R. Long, The Law of Liability Insurance § 4.08, at 4-17 (1975); *see* 12 G. Couch, Insurance 2d § 45:205 (R. Anderson ed. 1964). "An accident occurring before lapse of such notice period has therefore been held covered, whether or not notice has been given." 7 J. Appleman, Insurance Law and Practice § 4293, at 87 (1942).

The parties agree that the thirty-day grace period began on December 31, 1970, that the accident occurred within that period and that, if Mr. Carpenter had taken no action whatsoever, he would have been covered under the provision in question. *Farm Bureau Ins. Co. v. Martin,* 97 N.H. 196, 84 A.2d 823 (1951); *Merchants Mutual Casualty Co. v. Lambert,* 90 N.H. 507, 11 A.2d 361 (1940); Annot., *Construction and Application of Automatic Insurance Clause or Substitution Provision of Automobile Liability or Indemnity Policy,* 34 A.L.R.2d 936, 944 (1954).

The insurer denies that there is any coverage by arguing that Mr. Carpenter's reliance upon the existence of other insurance policies and his failure to request coverage from State Farm when he had an opportunity to do so constituted a waiver or rejection

of coverage for the newly acquired Buick under the State Farm policy. In support of this theory, the insurer relies solely upon *Hobbs-Western Co. v. Employers' Liability Assurance Corp.*, 102 F.2d 32 (8th Cir. 1939). However, the holding in that case has been virtually ignored in cases involving "Newly Acquired Automobile" provisions. In fact, courts have consistently rejected any notion that affirmative action by the insured during the grace period constitutes a waiver of the automatic coverage for the new cars. *E.g., St. Paul Mercury Ins. Co. v. Pennsylvania Lumberman's Mut. Ins. Co.*, 378 F.2d 312 (4th Cir. 1967); *Carey v. State Farm Mutual Ins. Co.*, 367 F.2d 938 (4th Cir. 1966); *Imperial Casualty & Indemnity Co. v. Relder*, 308 F.2d 761 (8th Cir. 1962); *see* 7 J. Appleman, supra at § 4293 (Cum. Supp. 1972).

Even if the *Hobbs-Western* rationale were valid today, it would not be authority for finding a waiver in this case. First, unlike this case, *Hobbs-Western* did not involve an automatic coverage provision. According to the court, the insured had no right to coverage unless he informed the insurer of the acquisition of the additional vehicle before the end of the month in which the car was acquired and paid a pro rata premium for the added vehicle. *Jamison v. Phoenix Indemnity Co.*, 40 F. Supp. 87, 88 (D.N.J. 1941). Second, in *Hobbs-Western,* the insured and an agent of the insurer explicitly agreed that the insurance policy in question did not cover the truck involved in the accident. In contrast, no such agreement was reached in this case. Mr. Carpenter only informed the State Farm agent that he was seeking recovery first from another insurance company.

In a different but not unrelated context, we have stated that "'[a]n unsuccessful attempt to claim a right, or pursue a remedy, to which a party is not entitled, will not deprive him of that to which he is entitled.'" *Driscoll Realty Inc. v. Dover Shopping Plaza, Inc.*, 108 N.H. 311, 314, 234 A.2d 530, 533 (1967). The Carpenters did not forfeit their rights against State Farm by looking first to Genest Ford's insurer. *Great American Ins. Co. v. Merchants & Mfrs. Mut. Ins. Co.*, 423 F.2d 1143 (6th Cir. 1970). The record will not support a finding that the Carpenters relinquished their rights under the State Farm policy. *American Ins. Co. v. Nationwide Mut. Ins. Co.*, 110 N.H. 192, 195, 270 A.2d 907, 910 (1970).

*Exceptions sustained.*

Bois, J., did not sit; the others concurred.