500 A.2d 487

The SHELBY MUTUAL INSURANCE COMPANY, Appellant,

v.

Mark W. KISTLER and as Interested Parties: Mayme Reichard, Executrix of the Estate of Howard E. Reichard; Leon W. Mazurie and Clark M. Benfield, Individually and T/A Benfield Insurance Agency, Appellees.

Superior Court of Pennsylvania.

Argued June 6, 1985.

Filed Nov. 15, 1985.

Beck, J., concurred and filed statement.

Mark H. Scoblionko, Allentown, for appellant.

W. Hamlin Neely, Allentown, for Kistler, appellees.

Before SPAETH, President Judge, and McEWEN and BECK, JJ.

McEWEN, Judge:

Appellant instituted a declaratory judgment action to determine whether it was obligated to provide insurance coverage or to afford a defense to appellee in litigation arising from a motor vehicle accident in which a vehicle driven by appellee allegedly struck and killed a pedestrian. The Chancellor, in this case of first impression, determined that the contract between appellant and appellee provided for automatic coverage during the relevant notice period. We affirm.

The pertinent facts are not disputed and reveal that appellee purchased a 1969 Lincoln Continental automobile on October 9, 1981, at which time he also owned a 1973 Ford pick-up truck which was the subject of a motor vehicle insurance policy written by appellant. Seven days thereafter, on October 16, 1981, appellee was operating the newly purchased 1969 Lincoln Continental when his vehicle struck and killed a pedestrian. On November 14, 1981,

appellee provided for an agent of appellant to add liability coverage for the 1969 Lincoln Continental to the policy issued by appellant upon the 1973 Ford pick-up truck.

The pertinent policy provision states:

'Your covered auto' means:

1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:

    a. a private passenger auto; or

    b. a pickup, panel truck · or van, not used in any business or occupation other than farming or ranching.

This provision applies only if you:

   a. acquire the vehicle during the policy period; and

   b. ask us to insure it within 30 days after you become the owner.

The sole question presented by this appeal is:

Where an automobile insurance policy provides that insurance coverage will be provided under the policy to an automobile acquired during the policy period on condition that the insured notifies the insurance company within thirty days of the acquisition of such automobile and requests such coverage, if the insured in fact fails to notify the insurance company within thirty days of acquisition but is involved in an accident within the thirty-day period, does the insurance policy nonetheless afford automatic coverage to the insured notwithstanding the failure of the insured to comply with a condition of the policy?

The distinguished Judge James N. Diefenderfer has, in his able opinion, clearly expressed the contentions of the parties, accurately stated the issue for determination and quite perceptively addressed as well as correctly ruled upon that question in the following portion of his able opinion:

Shelby contends that it has no obligation to provide coverage for the October 16, 1981 accident because Kistler failed to notify them within 30 days of the purchase of the Lincoln, claiming that such notice is required for coverage under the policy to be retroactive for 30 days

after purchase. Shelby's position is that unless the assured requests coverage within 30 days, no obligation exists on its part to provide "automatic" insurance and any insurance requested after the 30 day period will take effect only as of the date of the request and will not be made retroactive.

Kistler contends that the policy provisions provide automatic coverage for 30 days from the date of purchase of an additional vehicle, regardless of when notice of the purchase is given.

Thus, the issue to be determined is whether the notice provision is a condition precedent, required in order for the insurance coverage to attach for the 30 day period or a condition subsequent under which the insurance coverage attaches to the additional vehicle without notice, but is not continued at the end of the thirty day period if no notice is given. After reviewing the policy we find that the applicable provisions are unclear as to whether notice within 30 days is required for coverage to attach during the 30 day period following the purchase or whether notice within 30 days is required only to extend coverage beyond the thirty day period. The interpretation of an insurance policy is a question of law for the court and where the terms of the policy are ambiguous or uncertain, the policy is to be construed strictly against the insurer and liberally in favor of the insured to effect the policy's dominant purpose of indemnity or payment to the insured.

Although we have found no Pennsylvania case law directly on point, the majority of courts in other jurisdictions have held, with similar notice provisions, that insurance coverage automatically attaches during the notice period, and subsequently becomes void after said period of time if notice is not given.

*See*, e.g., *Republic Mutual Auto Insurance Co. v. State Farm Mutual Auto Insurance Co.*, 527 F.2d 1002, 1003 (4th Cir.W.Va., 1975); *Inland Mutual Insurance Co. v. Stallings*, 263 F.2d 852 (4th Cir.Md.1959); *Hall v. State*

*Farm Mutual Auto Insurance Co.,* 268 F.Supp. 995, (D.C.
S.C.1966) *aff'd* 378 F.2d 371 (4th Cir.S.C.1967); *Brown v.
Security Fire & Indemnity Co.,* 244 F.Supp. 299 (W.D.Va.
1965); *Canal Insurance Co. v. CIT Financial Services
Corp.,* 357 So.2d 308, 312 (Miss., 1978); *Grant v. Emmco
Services Corp.,* 295 N.C. 39, 52, 243 S.E.2d 894, 903 (1978);
*State Farm Mutual Auto Insurance Co. v. Carpenter,* 116
N.H. 783, 784, 367 A.2d 609, 610 (1976); *Baker v. Unigard
Insurance Co.,* 269 Or. 204, 207, 523 P.2d 1257, 1259 (1974);
*Central National Insurance Co. v. Le Mars Mutual In-
surance Co. of Iowa,* 294 F.Supp. 1396, 1401 (S.D.Iowa,
1968); *Consumers United Insurance Co. v. Johnson,* 26
Wash.App. 795, 797, 614 P.2d 657, 659 (1980); *Knotts v.
Hardware Mutual Casualty Co.,* 272 So.2d 788, 790 (La.
App., 1973); *McCarty v. Grange Mutual Casualty Co.,* 27
Ohio App.2d 181, 183, 273 N.E.2d 345, 347 (1971); *Pride v.
State Farm Fire & Casualty Insurance Co.,* 434 S.W.2d
146, 149 (Tex.Civ.App.1968); *Sheffield v. Aetna Casualty &
Surety,* 57 Misc.2d 559, 293 N.Y.S.2d 213, 218 (1968); *Pat-
rick v. State Farm Mutual Auto Insurance Co.,* 90 N.J.Su-
per. 442, 450, 217 A.2d 909, 914 (1966); *National Union
Fire Insurance Co. v. Falciani,* 87 N.J.Super. 157, 168, 208
A.2d 422, 430 (1965); Anno., Construction and Application
of Automatic Insurance Clause or Substitution Provision of
Automobile Liability or Indemnity Policy, 34 A.L.R.2d 936
(1954).

Order affirmed.

BECK, J., files a concurring statement.

BECK, Judge, concurring:

I join in the thoughtful opinion of the majority and write
separately only to clarify one point.

The majority, adopting the language of the well-reasoned
trial court opinion, states: "The interpretation of an insur-
ance policy is a question of law for the court. . . ." At 225.
This statement is entirely proper in the context of the
present case. However, for all purposes, it is too broad a
proposition of law.

The general rule is that the interpretation of a writing is for the court. Where, however, extrinsic evidence is introduced in aid of its interpretation, the question of its meaning should be left to the jury except where, after taking the extrinsic evidence into account, the meaning is so clear that reasonable men could reach only one conclusion, in which event the court should decide the issue as it does when the resolution of any fact is equally clear. Where extrinsic evidence is not introduced, the question is one of law.

J.D. Calamari & J.M. Perillo, *The Law of Contracts* 124 (1977); *see also Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983).

I find the majority's opinion does not state a correct proposition of law inasmuch as it implies that the interpretation of the terms of an insurance policy is a question of law for the court *in all circumstances.* In all other respects however, I join the fine opinion of the majority.