## Cobb v. Colonial Penn Insurance Co.

*Richard S. Campagna,* for plaintiff.
*Gerald J. Hanchulak,* for defendant.

COTTONE, *J.,* March 10, 1992—The plaintiff filed the present action in equity to resolve the question of insurance coverage owed by the defendant. A trial was held on January 21, 1992, before the court sitting without a jury.

Initially, we note that a third party brought a suit against the plaintiff, Rex Allen Cobb, as a result of an automobile accident. The defendant, Colonial Penn Insurance Co., refused to provide coverage for the plaintiff and also refused to defend him in the suit. On November 2, 1988, a Board of Arbitrators entered a judgment against the plaintiff in the amount of $5,705.29. The plaintiff now seeks relief for this judgment and also seeks attorney's fees and costs.

Colonial asserts that the plaintiff became the owner of the Chrysler on May 13, 1985, which was the date that he originally applied for insurance coverage. Colonial further states that it did not receive notice of the policy change request until after the accident and, therefore, it did not have to provide any coverage or defense. The plaintiff contends that Colonial improperly denied coverage to the plaintiff and improperly refused to defend him in the suit. We agree.

Our findings of fact may be summarized in the following paragraph. In May of 1985, Colonial issued an assigned-risk automobile insurance policy to the plaintiff, Rex Allen Cobb. This policy described as the automobile insured a 1975 Chrysler automobile, which was owned by the plaintiff's mother, Dorothy Cobb. The period of coverage was to run from May 21, 1985, to May 21, 1986. On November 27, 1985, Colonial transferred the plaintiff's insurance coverage from the 1975 Chrysler to a 1973

Jeep, which was owned by the plaintiff's father. The plaintiff requested this transfer in order to make certain repairs on the Chrysler. On December 19, 1985, the plaintiff became the record title holder of the 1975 Chrysler. He registered the car in his name and paid sales tax on that date. On December 23, 1985, the plaintiff executed a policy change request to transfer his insurance coverage back to the Chrysler automobile. On December 24, 1985, the plaintiff was involved in an automobile accident while driving the Chrysler. On December 27, 1985, the defendant received the policy change request, which was post-marked December 26, 1985. Based upon these findings of fact, we must next address the applicable area of law.

Under the Pennsylvania Assigned Risk Plan, an additional vehicle is defined as "a vehicle which is eligible for coverage under the plan and the insured has automobile liability and/or physical coverage in force through this plan on another vehicle." Pa. Assigned Risk Plan §11D. Furthermore, coverage on additional vehicles "shall be effective in accordance with the provisions of the policy on 12:01 a.m. on the day following receipt of the written request and the appropriate premium, whichever is earlier." *Id.* (emphasis added)

The provisions of the policy include the following:

"Your covered auto means:

"(1) Any vehicle shown in the declarations.

"(2) Any of the following types of vehicles on the date you become the owner:

"(a) a private passenger auto; or

"(b) a pickup, panel truck or van, not used in any business or occupation other than farming or ranching.

"This provision applies only if you:

"(a) acquire the vehicle during the policy period; and

"(b) ask us to insure it within 30 days after you become the owner."

Thus, an additional vehicle will be covered under this policy as long as the insured acquires the vehicle during the policy period and requests coverage within 30 days of the acquisition.

Moreover, a similar situation was presented in *Shelby Mutual Insurance Co. v. Kistler,* 347 Pa. Super. 222, 500 A.2d 487 (1985). In *Kistler,* the court held the insurer liable for coverage for the insured, who failed to notify the insurance company of the acquisition of the additional vehicle within 30 days, but was involved in an accident which occurred during that period. *Id.* at 225, 500 A.2d at 489. In interpreting the exact same policy provision as in the instant case, the court specifically held that the insurance policy afforded automatic coverage for 30 days from the date of the purchase of the additional vehicle, regardless of when notice of the purchase was given. *Id.*

In the case at bar, the plaintiff acquired record title to the 1975 Chrysler on December 19, 1985. Therefore, under the Colonial insurance policy and under prevailing case law, the Chrysler would have been automatically insured for 30 days, i.e. from December 19, 1985, to January 19, 1986. Moreover, the plaintiff did file a policy change request which the defendant received during this period. Thus, since the accident occurred on December 23, 1985, which was within the 30-day period, we find that the Chrysler was a covered automobile. As such, Colonial was obligated to provide coverage to the plaintiff

and to defend the suit brought against him by a third party in accordance with the terms of the policy.

Additionally, the plaintiff seeks to recover attorney's fees and costs which he incurred as a result of Colonial's breach of its duties under the policy. The defendant asserts that only the portion of the counsel fees incurred as a result of defending the underlying action are recoverable. The plaintiff contends that he is entitled to fees and costs incurred by him in defending the arbitration suit and, additionally, in prosecuting the instant suit against the defendant. We agree.

This issue was addressed in *Kelmo Enterprises Inc. v. Commercial Union Insurance Co.,* 285 Pa. Super. 13, 426 A.2d 680 (1981), in which the court allowed recovery for attorney's fees by the insured in the action to recover damages for breach of its contractual duty to defend. The court held that the insured may recover attorney's fees for a declaratory judgment action if the insurer has, in bad faith, refused to defend the action brought by the third party. *Id.* at 24, 426 A.2d at 685. The court reasoned as follows:

"[The general rule, that a litigant is to bear his own attorney's fees,] still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the [general] rule ... should be followed ... it would actually amount to permitting the insurer to do by in-direction that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding

and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above...." *Id.* at 22, 426 A.2d at 684, citing Appleman, *Insurance Law & Practice* §4691. The court added that "it would be anomalous to allow an insured attorney's fees expended in the defense of the underlying tort action but to deny the fees in an action brought to vindicate the contractual duty to defend." *Id.*

Applying this reasoning to the present case, we find that the plaintiff is entitled to receive attorney's fees incurred in the underlying suit as well as attorney's fees incurred in bringing this action. Because of the defendant's wrongful denial of coverage and improper refusal to defend, the plaintiff was forced to defend the action brought by the other motorist involved in the accident. Colonial's refusal to defend was unreasonable and in bad faith. Moreover, although this is not a declaratory judgment action per se, it is a suit in equity brought against the insurance company by the original defendant in the underlying suit. As such, the plaintiff should be permitted to recover expenses he has been compelled to incur in asserting his rights. Accordingly, a proper order follows.

## ORDER

Now, March 10, 1992, for the foregoing reasons, it is hereby ordered that judgment in the above-captioned matter be entered in favor of the plaintiff, Rex Allen Cobb.

It is further ordered that the defendant, Colonial Penn Insurance Co., perform its prescribed duties in accordance

with the terms of the insurance policy and that plaintiff is entitled to attorney's fees and costs in the amount of $3,955.50.