Eva F. Cook and Charles L. Cook, Plaintiffs-Appellants, v. Suburban Casualty Company, Defendant-Appellee.

Gen. No. 64-23.

Fifth District.

September 14, 1964.

Hanagan & Dousman, of Mt. Vernon, for appellants.

J. C. Mitchell, of Marion, for appellee.

WRIGHT, JUSTICE.

This case was tried before the court without a jury on a stipulated set of facts. The trial court entered a judgment for the defendant and the plaintiffs bring this appeal.

It is agreed that on May 4, 1961, Abbie Gentry owned a 1946 Ford automobile and a 1950 Plymouth automobile, both of which were insured under Policy No. FIL 37288, for bodily injury liability with Suburban Casualty Company, the defendant. The 1946 Ford automobile was described in the policy as the owned automobile with applicable bodily injury liability limits of $20,000 each person and $40,000 each occurrence. The 1950 Plymouth automobile was described in an endorsement attached to the policy as an additional automobile with applicable bodily injury liability limits of $10,000 each person and $20,000 each occurrence. Abbie Gentry owned no other automobiles at that time.

On or about May 5, 1961, Abbie Gentry traded the 1950 Plymouth automobile for a 1955 Nash automobile and on May 6, 1961, he notified the agent of the defendant of this trade and substitution. The agent then issued a transfer endorsement to the policy on May 6, 1961, changing the description of the automobile covered by the policy from the 1950 Plymouth automobile to the 1955 Nash automobile. None of the other provisions of either the basic policy or the additional automobile endorsement were changed and no additional premium was charged for this transfer.

On May 25, 1961, while this policy of insurance was in force, the plaintiff, Eva F. Cook, was injured while riding as a guest passenger in the 1955 Nash automobile which was being driven by Robert Gentry. Thereafter, a suit was brought in the Circuit Court of Jefferson County, Illinois, by plaintiffs, Eva F. Cook and Charles L. Cook, against Abbie Gentry and Robert

192

Gentry. This suit resulted in a judgment in the amount of $20,000 in favor of plaintiff, Eva F. Cook, and against Abbie Gentry and Robert Gentry, and a judgment in the amount of $3,000 in favor of Charles L. Cook and against Abbie Gentry and Robert Gentry.

The defendant, on January 26, 1963, tendered to the plaintiff the sum of $10,179.05 claiming this was the full amount of the policy limit plus interest applicable to the judgments. Plaintiff refused to accept this sum and defendant filed a petition for leave to deposit this sum with the Clerk of the Court. A hearing was held and an order authorizing the deposit was entered. This contract action was then brought by the plaintiff against the defendant to collect the balance due under the judgment of $23,000.

Plaintiffs argue there is in effect two contracts of insurance and that since the 1955 Nash automobile was purchased by Abbie Gentry less than thirty days prior to the accident, it is a Newly Acquired Automobile under the definitions in the policy and is insured both under the provisions of the policy applicable to the 1946 Ford automobile and under the provisions of the policy applicable to the 1950 Plymouth automobile.

█ In construing a policy of insurance, courts should consider the instrument as a whole, and endeavor to ascertain the intention of the parties from the written language used, taking into account the situation of the parties, the nature of the subject matter with which they are dealing, and the purpose which the parties sought to accomplish. Jackson v. Country Mut. Ins. Co., 41 Ill App2d 300, 190 NE2d 490; Allstate Ins. Co. v. Conglis, 33 Ill App2d 370, 179 NE2d 434.

In both the Change of Automobile Endorsement and Transfer Endorsement attached to the policy it

is stated, "This Endorsement is subject to all of the terms, conditions and exclusions of the Policy which are not inconsistent herewith. . . Attached to and forming part of Policy No. FIL 37288, issued to Abbie Gentry by the Suburban Casualty Company, Wheaton, Illinois." The language is clear and unambiguous that the parties intended to insure two automobiles for different bodily injury liability limits under one contract.

██ Policies must be construed according to the sense and meaning of the terms used and if the language is clear and unambiguous must be taken in its plain, ordinary and popular sense. The rule of liberal construction of insurance policies in favor of the insured as summarized in Mosby v. Mutual Life Ins. Co., of New York, 405 Ill 599, 92 NE2d 103, must yield to rules of reasonable construction and the rule construing ambiguous provisions strictly against the insurer will not permit perversion of plain language to create an ambiguity where none, in fact, exist. Miller v. Madison County Mut. Automobile Ins. Co., 46 Ill App2d 413, 197 NE2d 153; Thompson v. Fidelity & Cas. Co. of New York, 16 Ill App2d 159, 148 NE2d 9.

Under the policy in this case, the defendant, Suburban Casualty Company, agreed with the insured, Abbie Gentry, under Part I—Liability—Coverage A:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, . . . sustained by any person arising out of the ownership, maintenance or use of the owned automobile. . ."

The policy also defines certain terms and in Definitions Under Part I, the policy states:

"Owned automobile means:

194

(a) A private passenger, farm or utility automobile *described in the policy.* (Emphasis ours.)

(b) A trailer owned by the named insured . . . ,

(c) A private passenger, farm or utility automobile ownership of any of which is acquired by the named insured during the policy period, provided

(1) It replaces a described automobile, or

(2) The company insures all private passenger automobiles, farm automobiles and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within thirty days following such date."

■ Definition (c) is the so-called "automatic insurance clause" or the "newly acquired automobile clause." Its purpose in an automobile insurance policy is to provide coverage on automobiles not described in the policy. It is intended to extend coverage to the insured on a newly acquired automobile for a period of thirty days unless the insured purchases specific insurance to cover the newly acquired automobile so long as the automobile not described in the policy either replaces an automobile which is described in the policy or so long as the company insures all automobiles owned by the insured at the time the newly acquired automobile is acquired. This intent was expressed in Home Mut. Ins. Co. v. Rose, 150 Fed 2d 201, when the court at page 203, said:

"The automatic insurance clause in standard policy forms is intended to meet the necessity for maintaining continuous insurance on cars in the presence of the recognized custom among insured owners of acquiring other cars by replacement and new purchases during the life of their policy,

195

and is intended to be and is worded so as to afford proper insurance protection to such insured and at the same time to preserve the essentials of insurance for the insurer."

■ Since the purpose of the "automatic insurance clause" or "newly acquired automobile clause" is to provide insurance coverage where the owned automobile is not described in the contract, Mullen v. Farm Bureau of LaSalle County, 21 Ill App2d 280, 157 NE2d 679; Home Mut. Ins. Co. v. Rose, supra, once specific insurance is purchased and the automobile becomes described in a policy, the automobile is no longer a "newly acquired automobile" but is then a "described automobile" and the terms and provisions under the so-called "automatic insurance clause" or "newly acquired automobile clause" is no longer applicable.

■ On May 25, 1961, when plaintiff, Eva F. Cook, was injured while riding as a passenger in the 1955 Nash automobile, the 1955 Nash automobile was described in the policy by virtue of the Transfer Endorsement issued on May 6, 1961, and the policy in clear and unequivocal terms stated that the limits of liability for damages as a result of bodily injury arising out of the ownership, maintenance or use of the 1955 Nash automobile were $10,000 each person and $20,000 each occurrence. Upon the execution of the transfer endorsement on May 6, 1961, attached to the policy, the 1955 Nash automobile became a "described automobile" in the policy and the "automatic insurance clause" became inoperative in this case.

■ In construing insurance contracts, courts can have no function but to ascertain and enforce the intention of the parties to the contract and must not inject terms and conditions different from those agreed upon, Lentin v. Continental Assur. Co., 412 Ill 158, 105 NE2d 735; Home Mut. Ins. Co. v. Rose, supra,

and if the language is clear and unambiguous it must be taken in its plain, ordinary and popular sense. Miller v. Madison County Mut. Automobile Ins. Co., supra, Thompson v. Fidelity & Cas. Co., supra.

We have reviewed the cases cited by plaintiffs in support of their argument and although we agree with the decisions on the facts presented in those cases, we do not believe they are factually in point.

The judgment of the Circuit Court of Jefferson County is affirmed.

Affirmed.

DOVE, P. J. and REYNOLDS, J., concur.