553 P.2d 397 (1976)
Gregory L. BECK et al., Plaintiffs-Appellants,
v.
AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.
No. 75-412.
Colorado Court of Appeals, Div. II.
July 1, 1976.
*398 Walter L. Gerash, P. C., Gary P. Sandblom, Denver, for plaintiffs-appellants.
Sheldon, Bayer, McLean & Glasman, P. C., George M. Allen, Denver, for defendant-appellee.
Selected for Official Publication.
STERNBERG, Judge.
This is an appeal from a declaratory judgment of the trial court which held that, of two liability insurance policies issued by defendant, the one with the lower limits applied to a certain automobile accident. We affirm.
The parties to this action are Gregory L. Beck and Colleen Deuel Helzer, both of whom were passengers in an automobile and sustained personal injuries in the accident. Colleen is the minor daughter of Mrs. Isabel H. Deuel, the named insured on both policies involved here. The plaintiff Administrator is the personal representative of a passenger who was killed in the accident. Defendant Aetna issued both policies of insurance.
Mrs. Deuel, the mother of Colleen, owned a 1961 Chevrolet automobile which she had insured with Aetna for some years. The limits of liability on that policy are $100,000 per person and $300,000 per occurrence. The mother and daughter bought a 1966 Mercury automobile on September 13, 1967, for the latter's use. This vehicle was titled in the mother's name and at her request, Aetna issued a second automobile liability insurance policy with limits of $10,000 per person and $20,000 per occurrence. In May 1968, the Mercury was replaced by a 1967 Chevelle, and the mother called Aetna's agent advising of the change. Effective May 17, 1968, the second policy was endorsed to reflect the change from the Mercury to the Chevelle. That policy was renewed for one year on September 13, 1968.
The accident in question occurred on October 4, 1968, and involved the 1967 Chevelle. The daughter was a passenger in the car and the driver was operating the vehicle with her permission. The accident resulted in two fatalities and two serious injuries. When suit was brought by Beck, an injured passenger, and the estate of a deceased passenger against the mother and daughter, this declaratory judgment action followed.
The issue to be determined is whether an "automatic insurance clause" also known as an "after acquired vehicle clause" contained in the larger policy gave a right of election to the insured to have those limits apply to the accident, rather than the lower policy limits of the insurance policy which specifically covered the vehicle involved in the accident. If, under the facts of this case, that clause granted such right of election at or after the time of the accident, then the coverage of the larger policy is applicable.
The policy language with which we are dealing defines an "owned automobile" under the liability phase of the policy to include:
"(c) a private passenger . . . automobile ownership of which is acquired by the named Insured during the policy period, provided
(1) It replaces an owned automobile. . . or
(2) the Company insures all private passenger . . . automobiles owned by the named Insured, on the date of such acquisition and the named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by this Company applicable to such automobile . . . ."
*399 Relying on Carey v. State Farm Mutual Insurance Co., 367 F.2d 938 (4th Cir.), plaintiffs contend that this language makes the larger policy applicable to the accident in which the Chevelle was involved. Aetna does not take issue with the fact that if the mother or daughter had the right to elect the higher coverage at the time of the accident or thereafter, the presumption exists that they would have elected the higher coverage. Aetna contends, however, that the "after acquired vehicle clause" was no longer in effect at the time of the accident so that no election to be covered by the higher liability limits could have been made. Moreover, Aetna contends that Colleen's very bad driving record, together with her age, would have disqualified her from being covered by a policy having limits greater than "10/20".
In Bramlett v. State Farm Mutual Automobile Insurance Co., 205 Kan. 128, 468 P. 2d 157, a case which is critical of the logic in Carey v. State Farm, supra, the court refused to allow coverage of policies on two other automobiles owned by a family and issued by the same company to be applied to a newly acquired vehicle which was insured by a specific policy. The court explained the rationale of "automatic insurance" or "newly acquired vehicle" clauses to be:
"[T]o provide insurance coverage when an owned automobile is not described in a policy. When specific insurance is purchased and a separate policy is issued on the automobile it becomes an automobile described in a new policy and it is no longer a `newly acquired automobile.' At that time the terms and provisions of the `automatic insurance clause' or `newly acquired automobile clause' are no longer applicable to the automobile."
We find the reasoning of Bramlett persuasive and dispositive of this appeal. Here, when the insured applied for specific coverage on the Chevelle, on May 17, 1968, that vehicle no longer could be classified as a "newly acquired automobile" and the right to elect higher coverage no longer existed. See also Pennsylvania National Mutual Casualty Insurance Co. v. Ritz, 284 So. 2d 474 (Dist.Ct.App.Fla.); Cook v. Suburban Casualty Co., 54 Ill.App.2d 190, 203 N.E.2d 748; and 7 F. Lewis, Blashfield Automobile Law and Practice § 316.3 (3rd ed.).
While insurance policy provisions must be construed liberally in favor of the insured, that maxim neither mandates nor even permits rewriting of provisions to give a strained construction. Urtado v. Allstate Insurance Co., Colo., 528 P.2d 222. The evidence before the court disclosed that all parties intended that the Chevelle be covered by the lower policy limits. The record is replete with renewal notices, reimbursement checks, and the like, indicating this intention. The insureds, having elected to obtain specific coverage on the Chevelle, lost their right to elect coverage under the larger policy.
Judgment affirmed.
SILVERSTEIN, C. J., and BERMAN, J., concur.