William A. TRINE, Plaintiff-Appellee,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a mutual life insurance corporation, Defendant-Appellant.

No. 79–1634.

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 16, 1980.

Decided April 2, 1981.

Alan Gary Dunn of Phelps, Hall, Singer & Dunn, Denver, Colo., for defendant-appellant.

Morris W. Sandstead, Jr. and Bruce O. Downsbrough of Williams, Trine, Greenstein & Griffith, P. C., Boulder, Colo., for plaintiff-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

Disposition of this diversity action turns entirely on whether certain language in an insurance policy read either by itself or in the context of the entire policy is either patently or latently ambiguous. The facts are stipulated. The policy covers "hospital" expenses and defines "hospital" as follows:

*Hospital* : Only—

(1) an institution which is operated pursuant to law and is primarily engaged in providing on an in-patient basis for the medical care and treatment of sick and injured persons through medical, diagnostic and major surgical facilities, all of which facilities must be provided on its premises, under the supervision of a staff of Physicians and with twenty-four hour a day nursing service, or

(2) an institution not meeting all the requirements of (1) but which is accredited as a hospital by the Joint Commission on Accreditation of Hospitals.

In no event shall the term "Hospital" include a convalescent nursing home or any institution or part thereof which is used principally as a convalescent facility, rest facility, nursing facility, or facility for the aged.

Plaintiff's minor son stayed in the Devereux Center for nearly two years. Defendant-insurance company received claims from plaintiff based on monthly statements rendered by the Devereux Center. Defendant denied coverage on the ground that the center was not a hospital. The center is a residential psychiatric treatment center for youth. It is certified by the Joint Commission of Accreditation of Hospitals (JCAH) as a "Psychiatric Facility" with the subclassification of "Psychiatric Facility Serving Children and Adolescents." The JCAH administers five accreditation programs: (1) the Hospital Accreditation Program, (2) the Accreditation Council for Services for Mentally Retarded and Other Developmentally Disabled Persons, (3) the Accreditation Council for Psychiatric Facilities, (4) the Accreditation Council for Long Term Care Facilities, and (5) the Accreditation Council for Ambulatory Health Care. At the time the disputed policy was issued the JCAH administered only the accreditation program for hospitals. Its program for accrediting psychiatric facilities was commenced later but before the confinement of plaintiff's son.

■ Plaintiff concedes that coverage, if any, comes under subparagraph (2) of the policy's definition of "Hospital." Plaintiff and the trial court concluded that the JCAH's creation of additional accrediting services (one of which covers the Devereux Center) after the policy was issued created a latent ambiguity. Notwithstanding our duty to construe insurance policies most strongly against the insurer, *Coxen v. Western Empire Life Insurance Co.*, 168 Colo. 444, 452 P.2d 16 (1969), and to resolve all ambiguities in favor of the policy holder, *Travelers Insurance Co. v. Jeffries-Eaves, Inc.*, 166 Colo. 220, 442 P.2d 822, 824 (1968), neither maxim "mandates nor even permits rewriting of provisions to give a strained construction." *Beck v. Aetna Casualty and Surety Co.*, 38 Colo.App. 77, 553 P.2d 397, 399 (1976); *see also Urtado v. Allstate Insurance Co.*, 187 Colo. 24, 528 P.2d 222, 223 (1974).

■ Here, the plain meaning of sub-paragraph (2) is that an institution must be accredited "as a hospital" by the JCAH in order for expenses incurred during a stay at the facility to be compensable under the policy. Although the JCAH has begun to accredit non-hospital facilities, it has carefully preserved "hospitals" as a separate category among its five categories. *See Halbert v. Prudential Insurance Co.*, 436 F.Supp. 543 (E.D.Tex.1977).

Had sub-paragraph (2) read "an institution not meeting all the requirements of (1) but which is accredited ... by the Joint Commission on Accreditation of Hospitals," the result would have been different. It would then be clear that the only requirement would be institutional character and JCAH accreditation. Unfortunately for the plaintiff, the modifying language "as a hospital" is a part of the contract and its meaning is neither latently nor patently ambiguous as it applies to the Devereux Center.

The judgment of the trial court granting coverage of this confinement under the policy is reversed.