**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SIMMONS FOODS, INC.,

        Plaintiff - Appellant,

v.

CAPITAL CITY BANK,

        Defendant - Appellee.

No. 01-3375

(D. Kansas)

(D.C. No. 98-CV-4035-RDR)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

Simmons Foods, Inc. appeals from an adverse summary judgment in its

diversity action against Capital City Bank following, and arising out of,

bankruptcy proceedings involving their mutual debtor, Teets Foods Company, Inc.

In its suit, Simmons claims that Capital City, a senior secured creditor of

Teets, became liable to Simmons for various alleged acts and omissions while

Teets' assets were being managed and liquidated under the jurisdiction of the

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

bankruptcy court. Specifically, Simmons' claims, pursued on appeal, include the following: (1) failure to marshal assets in favor of Simmons, a junior secured creditor, allegedly in violation of Kansas law; (2) breach of fiduciary duty arising out of a dominant creditor position; (3) unjust enrichment; and (4) conversion of property by a bailee.

Simmons contends that the district court erred in its analysis and application of the law as to each of those claims when it granted Capital City's motion for summary judgment and that issues of fact precluded summary judgment. It also contends that the district court erred when it refused to consider: (a) minutes of the Unsecured Creditors' Committee meetings; (b) the opinion of a law professor as to the applicable law; and (c) a letter from opposing counsel.

We review the district court's grant of summary judgment de novo. Tool Box v. Ogden City Corp., 316 F.3d 1167, 1173 (10th Cir. 2003). For a factual issue to preclude summary judgment, there must be a genuine issue of material fact, and the substantive law will determine which facts are material. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Because this is a diversity case, we apply the substantive law of Kansas as to issues where Kansas law is invoked. See Wood v. Eli Lilly & Co., 38 F.3d 510, 512-13 (10th Cir. 1994) ("[W]e must apply the most recent statement of state law by the state's

highest court."). In a diversity action, "[w]here no state cases exist on a point, we turn to other state court decisions, federal decisions, and the general weight and trend of authority." Barnard v. Fireman's Fund Ins. Co., 996 F.2d 246, 248 (10th Cir. 1993) (quotation omitted).

The district court set out the central facts and fully addressed each of Simmons' claims in a Memorandum and Order dated October 17, 2001. After fully reviewing the record, the arguments on appeal, and the district court's reasoning, we conclude that the district court did not err. Accordingly, subject to the additional observations set out below, we affirm the district court's judgment substantially for the reasons set out in the district court's October 17, 2001, Memorandum and Order.

**A.**

Whatever claim Simmons possessed against Capital City arose out of and during the Teets Foods bankruptcy proceedings in the bankruptcy court. Accordingly, we look only to those proceedings in evaluating Simmons' allegations.

Simmons' principal assertion is that Capital City failed to marshal assets, i.e., to seek the liquidation of assets securing Teets' debt to Capital City in a particular sequence that would most benefit Simmons, the junior secured creditor

on some of those assets. Significantly, Simmons does not identify in its complaint, R. Vol. I at 64, 66-67, or its answer to interrogatories, id. at 107, 118, exactly what assets should have been liquidated first—or at least before Capital City collected part of its debt out of Teets' accounts receivable—or for how much, or how such a hypothetical liquidation could occur at a particular time relative to the liquidation of other assets and the operation of the business. Furthermore, Simmons does not dispute that it failed to object to the sale of "the Wichita property" before the liquidation of other non-jointly secured assets or to the distribution to Capital City of most of the proceeds from that sale. Capital City and Simmons held senior and junior secured interests, respectively, in that property.

Finally, the record shows that Simmons did not file formal motions in the bankruptcy court seeking a marshaling order until nineteen and twenty months, respectively, after Teets filed for reorganization in bankruptcy, which was six and seven months, respectively, after the bankruptcy court converted the bankruptcy from a reorganization to a liquidation. Those motions came many months after Capital City had, pursuant to court approval, collected on its debt through the liquidation of secured assets.

The equitable doctrine of marshaling of assets was recognized in Kansas prior to the enactment of the Uniform Commercial Code (U.C.C.) in that state.

Equitable Mortgage Co. v. Lowe, 35 P. 829, 831 (Kan. 1894); Burnham, Hanna, Munger & Co. v. Citizens' Bank of Emporia, 40 P. 912, 914 (Kan. 1895); Gore v. Royse, 44 P. 1053, 1055 (Kan. 1896); Rundquist v. O'Leary, 337 P.2d 1017, 1020 (Kan. 1959). But there are no Kansas Supreme Court cases cited to us by Simmons recognizing or applying the doctrine after Kansas adopted the Uniform Commercial Code in 1962. Hence, even though a comment to the U.C.C. suggests the possible availability of the concept, Kan Stat. Ann. § 84-9-501, Kansas Comment 1, it is clear that marshaling is not a provision of the U.C.C. and neither imposes an obligation on creditors nor reduces their rights under the code. And, to the extent this quiescent doctrine persists in post-U.C.C. Kansas law, there is no indication of the conditions for its application.

In any event, Simmons has not cited, and we have not found, any case, from Kansas or anywhere else, granting legal relief to a junior lienholder for the senior lienholder's failure to voluntarily marshal assets. More to the point, we have found no case imposing liability for failure to marshal in the context of a bankruptcy proceeding, in which the parties have full recourse, in the form of motions in the bankruptcy court, for any grievances against co-creditors, and an avenue for appeal from an adverse ruling. Finally, Simmons cites no case establishing that an action for failure to marshal in the context of a bankruptcy would survive the close of the bankruptcy proceedings. Despite the bankruptcy

court's order purporting to distribute the various claims that Simmons insisted it had, we hold that it had no claim against Capital City following the termination of the Teets bankruptcy proceedings.

**B.**

As indicated above, Simmons contends that the district court erred when it refused to consider certain materials proffered by Simmons in response to Capital's motion for summary judgment. "Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion." Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc. , 131 F.3d 874, 894 (10th Cir. 1997). "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." Wright v. Abbott Labs., Inc. , 259 F.3d 1226, 1233 (10th Cir. 2001).

The district court found that many of Simmons' "uncontroverted facts" were based on documents that were hearsay and therefore were not competent to oppose a motion for summary judgment. See Order Granting Summary Judgment, R. Vol. III at 503, 506-07; Gross v. Burggraf Constr. Co. , 53 F.3d 1531, 1541 (10th Cir. 1995). Simmons argues that this ruling was erroneous because the documents in question were not hearsay.

Although it is difficult to determine from the Order what document or documents the district court excluded as hearsay, Simmons acknowledges that there were only three documents that the court possibly excluded: (1) Professor Griffin's Expert Report; (2) the Minutes for the Unsecured Creditors' Committee; and (3) a letter from counsel for Capital to counsel for Simmons. Appellant's Br. at 35.

Professor Griffin's report was inadmissible as it addressed a question of law, rather than fact, and therefore encroached on the domain of the judge, who is "the sole arbiter of the law and its applicability." Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (en banc) (holding that expert testimony on purely legal issues is inadmissible). [1]

As to the second document, the Unsecured Creditors' Committee Minutes, after a careful review of the Minutes, we conclude that there were multiple bases on which the district court could have properly excluded them. First, the section of the minutes Simmons used to establish its "facts" was nothing more than a summary of the Unsecured Creditors' Committee's allegations of Capital City's wrongdoings during the course of the bankruptcy, without any supporting evidence or documentation, and more nearly constituted assertions of law than of

---

[1]While the district court did not explicitly exclude the report on these grounds, we may affirm the district court's ruling on any grounds supported by the record. Hayes v. Whitman, 264 F.3d 1017, 1025 (10th Cir. 2001).

fact. Second, the Minutes contained errors, see e.g., R. Vol. II at 399 ("Brock Snyder [Simmons' counsel] was filing an objection to Simmons' 'Motion for Adequate Protection or Relief from Stay.'"), and hearsay within hearsay, see e.g., id. at 392 ("Per Randy Hart, Jeff Willis advised Brock Snyder.").

Finally, even if the Minutes were not properly classified as hearsay, excluding them was not error because they did not establish any genuine issue of material fact in light of the applicable law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Simmons does not point to any fact established by the Minutes that, in light of the applicable law, might have affected the outcome of the suit. Therefore, summary judgment would have been granted even if the Minutes had been considered. See Wright, 259 F.3d at 1233.

With regard to the letter from counsel for Capital City Bank to counsel for Simmons, we conclude that it also failed to establish any material fact. Simmons asserts that the letter demonstrates that Capital City agreed to marshal assets. See Appellants Br. at 23. However, as presented to us—without any indication of the substance of the prior conversations, which the letter references, and without any evidence of Simmons' response to the letter, which the letter anticipated—the letter did not, even viewed in the light most favorable to Simmons, establish that

Capital agreed to marshal assets.  Since the letter did not establish any genuine issue of material fact, failure to consider it was not error.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge